IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-396-FL

| | |
|---|---|
| SIAVASH MOJARRAD, Administrator of THE ESTATE OF SOHEIL ANTONIO MOJARRAD, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM BRETT EDWARDS, *in his individual and official capacities,* CITY OF RALEIGH, NORTH CAROLINA, CASSANDRA DECK-BROWN, *in her official capacity as Chief of Police for the City of Raleigh, North Carolina*, and RUFFIN HALL, *in his official capacity as City Manager for the City of Raleigh, North Carolina*, <br><br> Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** by CASSANDRA DECK-BROWN in her official capacity, WILLIAM BRETT EDWARDS, in his official capcity, and RUFFIN HALL, in his official capacity. |

NOW COME Defendants, Cassandra Deck-Brown, in her official capacity as Chief of Police for the City of Raleigh, North Carolina (hereinafter, "Chief Deck-Brown"); William Brett Edwards, in his official capacity (hereinafter, "Officer Edwards"); and Ruffin Hall, in his official capacity as City Manager for the City of Raleigh, North Carolina (hereinafter "City Manager Hall" and collectively the "City Defendants"), by and through undersigned counsel and offer this Memorandum of Law in Support of their Motion to Dismiss.

**NATURE OF THE CASE**

Plaintiff commenced this action on June 9, 2020 by filing a complaint in Wake Superior Court captioned "*Siavash Mojarrad, Administrator of the Estate of Soheil Antonio Mojarrad v. William Brett Edwards, in his individual and official capacities, City of Raleigh, North Carolina, Cassandra Deck-Brown, in her official capacity as Chief of Police for the City of Raleigh, North

1

*Carolina, and Ruffin Hall, in his official capacity as City Manager for the City of Raleigh, North Carolina.*" Plaintiff's Complaint [D.E. 1-1] sets forth causes of action against the City Defendants for negligence and gross negligence, assault and battery, wrongful death, and violations of 42 U.S.C. § 1983. Officer Edwards was served with a summons and complaint on June 26, Chief Deck-Brown was served on June 27, 2020, and City Manager Hall was served on July 2, 2020. On July 22, 2020, the defendants jointly and timely removed this action to the United States District Court for the Eastern District of North Carolina by filing a Notice of Removal [D.E. 1]. By Text Order dated July 28, 2020, the Court extended the City Defendants' time to prepare and file responsive pleadings to August 28, 2020.

## STATEMENT OF FACTS

Plaintiff's Complaint [D.E. 1-1] arises from a law enforcement encounter between Plaintiff and Officer Edwards, a police officer employed by the City of Raleigh Police Department. On April 20, 2019, Officer Edwards was attempting to detain the Plaintiff on suspicion of trespassing and larceny of a cellular telephone. The encounter between Officer Edwards and Plaintiff rapidly evolved into a confrontation that culminated in Officer Edwards using his police duty weapon to shoot Plaintiff multiple times resulting in Plaintiff's death.

## ARGUMENT

To survive a motion to dismiss, a complaint "must provide enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In evaluating a Rule 12(b)(6) motion, the court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff" but it does not

consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement, ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,' and therefore should be dismissed." Twombly, 550 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AGAINST CHIEF DECK-BROWN, OFFICER EDWARDS, AND CITY MANAGER HALL ARE REDUNDANT AND SHOULD BE DISMISSED.

While the Complaint asserts claims against the City, identical claims are also asserted against Chief Deck-Brown, Officer Edwards, and City Manager Hall in their official capacities. These official capacity claims are redundant and should be dismissed.

An action against officers in their official capacities is simply another way of bringing suit against a municipal employer. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Further, vicarious liability does not apply in actions brought under 42 U.S.C. § 1983. Monell v. Department of Social Services, 436 U.S. 658 (1978); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). Thus there is no difference between suing the individual defendants in their official capacities and suing the City itself. Will, 491 U.S. at 71. The Fourth Circuit has held that official capacity claims are essentially the same as a claim against the entity, and should be dismissed as duplicative when the entity (such as the employing municipality) is also named as a defendant. See Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). Judicial economy and efficiency are best served by proceeding solely against the City. See Brissett v. Paul, 141 F.3d 1157, 1998 WL

195945 (4th Cir. 1998) (unpublished – copy attached); Newbrough v. Piedmont Regional Jail Authority, 822 F. Supp. 2d 558, 574 (E.D.N.C. 2011).

The same rule applies to Plaintiff's common law claims. North Carolina state courts have held that when governmental employees are sued in their official capacities, "the claim is against the office the employee holds rather than the particular individual who occupies the office." May v. City of Durham, 136 N.C. App. 578, 584, 525 S.E.2d 223, 229 (2000) (citing Kentucky v. Graham, 473 U.S. 159 (1985)). "Therefore, in a suit where the plaintiff asserts a claim against a governmental entity, a suit against those individuals working in their official capacity for this governmental entity is redundant." Id. (citing Moore v. City of Creedmoor, 345 N.C. 356, 367, 481 S.E.2d 14, 21 (1997).

## CONCLUSION

For the reasons set forth herein, the City Defendant's Motion to Dismiss should be granted, and all official capacity claims against Chief Deck-Brown, Officer Edwards, and City Manager Hall should be dismissed with prejudice.

This the 28th day of August, 2020.

        **CITY OF RALEIGH**
        **Robin L. Tatum**
        **City Attorney**


        By:    /s/ Hunt K. Choi
                HUNT K. CHOI
                Deputy City Attorney
                NC State Bar No. 24172
                Post Office Box 590
                Raleigh, North Carolina 27602
                Telephone: (919) 996-6560
                Facsimile: (919) 996-7021
                Email: hunt.choi@raleighnc.gov
                *Counsel for Defendants Cassandra Deck-Brown, Ruffin Hall, and City of Raleigh, North Carolina*

# CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Catherine E. Edwards, Esq.<br>Winston S. Kirby, Esq.<br>Edwards Kirby, LLP<br>P.O. Box 17005<br>3201 Glenwood Avenue, Suite 100<br>Raleigh, NC 27619<br>*Attorneys for Plaintiff Siavash Mojarrad*<br>Email: cedwards@edwardskirby.com<br>wkirby@edwardskirby.com | Dan M. Hartzog, Jr., Esq.<br>Katherine Barber-Jones, Esq.<br>Hartzog Law Group, LLP<br>1903 N. Harrison Avenue, Suite 200<br>Cary, North Carolina 27513<br>*Attorneys for Defendant William Brett Edwards*<br>Email: dhartzogjr@hartzoglawgroup.com<br>Kbarber-jones@hartzoglawgroup.com |

And I hereby certify that I have mailed the document to the following non CM/ECF participants:

Respectfully submitted,

This the 28th day of August, 2020.

        **CITY OF RALEIGH**
        **Robin L. Tatum**
        **City Attorney**

        By:    /s/ Hunt K. Choi
                  HUNT K. CHOI
                  Deputy City Attorney
                  NC State Bar No. 24172
                  Post Office Box 590
                  Raleigh, North Carolina 27602
                  Telephone: (919) 996-6560
                  Facsimile: (919) 996-7021
                  Email: hunt.choi@raleighnc.gov
                  *Counsel for Defendants Cassandra Deck-Brown, Ruffin Hall, and City of Raleigh, North Carolina*