IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SIAVASH L. MOJARRAD, )<br>*as administrator of* THE ESTATE OF )<br>SOHEIL ANTONIO MOJARRAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM BRETT EDWARDS, *in his* )<br>*individual capacity*, and )<br>CITY OF RALEIGH, )<br>NORTH CAROLINA, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 5:20-cv-396 |

## JOINT FED. R. CIV. P. 26(f) REPORT

1. Pursuant to Fed.R.Civ.P. 26(f) and LR16.1(b), a meeting was held via telephone conference on September 17, 2020 and was attended by Catharine E. Edwards and Winston S. Kirby for Plaintiff, by Dan M. Hartzog Jr. for Defendant William Brett Edwards, in his individual capacity, and by Hunt K. Choi for Defendant City of Raleigh, North Carolina.

2. **Discovery Plan**. The parties propose to the Court the following discovery plan:

The "commencement date" of discovery will be: **upon entry of a discovery Order by the Court**.

**Plaintiff served written discovery on the Defendants while this action was pending in State Court. Defendants' responses to those written discovery requests**

**will be due thirty (30) days from the commencement date unless otherwise extended by agreement of the parties to this action or by Order of the Court.**

Discovery will be needed on all aspects of the case, including the allegations raised by Plaintiff and the defenses proffered by Defendants.

Electronic Discovery. Should the parties seek discovery of electronically stored information, then the following provisions shall apply:

a. Form of production/preservation: The parties agree that discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable.

b. The parties further agree that after they are served with a request for production that seeks electronically stored information, they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that the parties are not required to deviate from their normal records retention policies with respect to electronically stored information or other records, with the exception of information previously identified by the parties as relevant to this action or information that has been the subject of a preservation request.

c. A responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible, subject to

limitations proscribed by Fed. R. Civ. P. 26(b)(2)(C). If the responding party believes the electronically stored information sought is not readily accessible, then the responding party is required to identify the sources of potentially responsive information that it is not searching or not producing, and is further required to preserve such evidence. If the requesting party believes this information should still be searched or produced, it shall confer with the responding party as to potential conditions on obtaining and producing the information, such as search terms and/or cost allocation of production. If, after conferring, the parties cannot agree on the extent or conditions of production, the information's production shall be governed by the process set forth in Fed. R. Civ. P. 26(b)(2).

d.  The parties have discussed certain issues related to claims of privilege and protection as trial-preparation material and agreed upon a procedure to assert such claims after an inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection) shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents mistakenly produced after discovery of the inadvertent production. The parties

3

further agree that, upon request, any such mistakenly-produced documents shall be returned. Nothing herein shall be deemed a waiver of the requesting party's right to object to classification of any material(s) as privileged. In the event of a dispute over use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

Initial Disclosures from all parties will be due on or before **October 8, 2020**.

Discovery shall be placed on a case-management track established in LR 26.1. The parties agree that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in LR 26.1(a) as: **Complex**.

The date for the completion of all discovery (general and expert) is: **July 2, 2021**.

Stipulated modifications to the case management track include: **None**.

Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

From Plaintiff by **March 17, 2021**.

From Defendants by **May 17, 2021**.

Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the Court.

3. **Mediation**.

Mediation should be conducted **at the close** of the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be **Ray Owens**.

4. **Preliminary Deposition Schedule**. Preliminarily, the parties agree to the following schedule for depositions:

Party and fact witness depositions to be completed by: **June 2, 2021.**

Expert witness and treating physician depositions to be completed by: **July 2, 2021.**

The parties will update this schedule at reasonable intervals.

5. **Other items**.

Plaintiff should be allowed until **April 6, 2021** to request leave to join additional parties or amend pleadings.

Defendants should be allowed until **April 20, 2021** to request leave to join additional parties or amend pleadings.

After these dates, the Court will consider, *inter alia*, whether the granting of leave would delay trial.

The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§636(c), or appointment of a master: **The parties do not consent to the use of a Magistrate Judge.**

Trial of the action is expected to take approximately **seven** days. A jury trial **has** been demanded. The parties request that trial be set on or after **October 1, 2021**.

This the 1st day of October, 2020.

Respectfully submitted,

  /s/ Catharine E. Edwards
CATHARINE E. EDWARDS
North Carolina Bar No. 52705
cedwards@edwardskirby.com
WINSTON S. KIRBY
N.C. State Bar No.: 49316
wkirby@edwardskirby.com

**EDWARDS KIRBY, LLP**
3201 Glenwood Ave., Ste. 100
Raleigh, NC 27612
Telephone: (919) 780-5400
Facsimile: (919) 800-3099

*Attorneys for Plaintiff*

 /s/ Dan M. Hartzog, Jr.
DAN M. HARTZOG, JR.
North Carolina Bar No. 35330
dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No.: 44197
kbarber-jones@hartzoglawgroup.com

**HARTZOG LAW GROUP**
1903 N. Harrison Avenue, Suite 200
Cary , NC 27513
Telephone: (919) 670-0338
Facsimile: (919) 714-4635

*Attorneys for Defendant William Brett Edwards
in his individual capacity*

**CITY OF RALEIGH**
**Robin L. Tatum**
**City Attorney**

 /s/ Hunt K. Choi
HUNT K. CHOI
North Carolina Bar No. 24172
hunt.choi@raleighnc.gov
Post Office Box 590
Raleigh , NC 27602
Telephone: (919) 996-6560
Facsimile:  (919) 996-7021

*Attorneys for Defendant City of Raleigh*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2020, I electronically filed on behalf of the Plaintiff the foregoing Joint Fed. R. Civ. P. 26(f) Report with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties and/or their attorneys who have appeared in this action.

This the 1st day of October, 2020.

/s/ Catharine E. Edwards
N.C. State Bar No.: 52705
Attorney for Plaintiff
cedwards@edwardskirby.com
EDWARDS KIRBY, LLP
3201 Glenwood Ave., Ste. 100
Raleigh, NC 27612
Telephone: (919) 780-5400
Facsimile: (919) 800-3099