# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

| | |
|---|---|
| SIAVASH L. MOJARRAD, )<br>*as administrator of* THE ESTATE OF )<br>SOHEIL ANTONIO MOJARRAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM BRETT EDWARDS, *in his* )<br>*individual capacity*, and )<br>CITY OF RALEIGH, )<br>NORTH CAROLINA, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 5:20-cv-396 |

## PROTECTIVE ORDER FOR
## STATE BUREAU OF INVESTIGATION REPORT

Plaintiff and all Defendants (collectively referred to hereinafter as "parties"), and the North Carolina State Bureau of Investigation (hereinafter "SBI") stipulate to the entry of this Protective Order allowing release of the SBI Report, File No. 2019-01133, regarding the SBI investigation into the shooting death of Soheil Antonio Mojarrad, which is the subject of this lawsuit.

Counsel for the parties and the SBI stipulate and agree to the following statements of facts which authorize the Court's entry of the Protective Order:

1.  The parties seek the release of the SBI investigation report in this matter for the parties' use in the lawsuit.

2. The SBI report, referred to in the pleadings, appears material and relevant to the subject matter involved in this matter.

3. Definitions.

    a. SBI Report refers to any and all documents and materials contained in SBI File No. 2019-01133, the related laboratory reports and findings, and any photographs taken in conjunction with the investigation.

    b. Document means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

    c. Material means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

    d. Parties mean the Plaintiff and Defendants in this action.

4. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties in response to the parties' request for the following reasons:

    a. No policy reason exists for denial of the request of Plaintiffs for production of these materials.

    b. There is no prejudice to the SBI by releasing this material.

    c. There are no identities of persons contained in the materials which need to be protected; and

d. Any criminal investigation which might have been the subject of <u>this file</u> has been concluded.

5. Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used ***for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.***

6. Access to and the use of any documents, or any part thereof, of the SBI Report shall be limited to the following qualified persons/entities:

a. The parties and attorneys of record for the parties and any associated counsel, and their legal assistants, paralegals, other staff members and employees, and law student clerks; insurers, their agents and employees; any employees and any representatives of any insurance company involved in this case either directly or as an insurer of one or more of the Defendants; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties; in-house counsel for any party and their legal assistants, paralegals, legal assistants, other staff members and employees, and law student clerks; the City Attorney for the City of Raleigh and any Assistant City Attorneys, paralegals, legal assistants, other staff members and employees, and law student clerks.

b. A deponent and/or witness in the action (during a deposition and/or trial or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

c. Mediators;

d. Consultants and technical experts involved in the preparation of this action;

e. Independent expert witnesses, who are not a party to this litigation, who have been specially employed or retained to assist in this litigation;

f. Court reporters, their transcribers, assistants and employees;

g. Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit any or all of the SBI file in order to elicit testimony relevant to the matters at issue in this case;

h. The presiding Judge or Magistrate Judge at any motions or the trial of this matter, as well as their law clerks and court staff;

i. The jury (upon being sworn in); and

j. Any other person who is designated as a Qualified Person/Entity by agreement by the parties and the SBI, through counsel, or by Order of the Court, after notice to all parties.

7. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would

4

not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

8. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information shall only use the materials and information for purposes of this litigation.

9. Counsel may make copies of material contained within the SBI Report for Plaintiff's or Defendants' experts upon receiving from said experts *a written agreement* that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments (form attached as Exhibit A) shall be maintained by Plaintiff's and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

10. Counsel may make copies of material contained within the SBI Report for any party to this lawsuit who has not signed this Consent Protective Order at the initial time but who later executes a written agreement that he/she/it will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having the party, or a representative or attorney of the party, read, acknowledge, and agree in writing to be bound by this Protective Order. A copy of such acknowledgement shall be provided to counsel for the parties and counsel for the SBI. By signing the declaration agreeing to be bound by this Protective Order, the party submits

5

himself/herself/itself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

11. The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents and materials in the SBI Report, or any other document, material, information, or testimony, in this action or any other action.

12. All information and materials derived from the SBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

13. Counsel for the parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made. This paragraph does not apply to the Judge, Magistrate Judge, their law clerks, or the jury. However, materials or information from the SBI file that are filed with the Court are governed by later paragraphs of this Protective Order.

14. Any submission to the Court in connection with a motion or other proceeding within the purview of this matter that contains: (i) material and/or documents contained within the SBI Report; (ii) any portion of a transcript containing any material and/or documents contained within the SBI Report; or (iii) a summary or discussion of such material and/or documents; then the submission shall be filed only under seal, pursuant to the requirements of this Order and the Court's 7 October 2020 Case Management Order. Each time a party seeks to file under seal confidential documents, things, and/or

information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law of the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

15. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

16. This Consent Protective Order shall not preclude a party from offering the SBI report or any portion of it into evidence at the Trial of this case. As further set forth in the following paragraphs, all objections to the admissibility of such materials and information are reserved and, if asserted, will be ruled upon by the Court at the appropriate time.

17. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties or SBI of any claim of confidentiality, and the production of such materials or documents may or may not be admissible into evidence at the trial of this action. The

7

parties reserve all rights to object to the admissibility of such materials and information as provided by the Federal Rules of Evidence and Federal Rules of Civil Procedure.

18. Nothing in this Protective Order shall require disclosure of material or information which the conveying party contends is protected from disclosure by the attorney-client privilege, materials produced in anticipation of litigation, or as constituting attorney work product materials.

19. Within sixty (60) days after the final disposition of this action, including the conclusion of any and all appeals, the parties shall return all original and copies of the SBI Report to counsel for the SBI, or the parties, shall destroy the original and copies of the SBI report and certify having done so, if so requested. Notwithstanding the preceding sentences of this paragraph, counsel for the each party may retain a complete copy of the counsel's file, including correspondence, pleadings, exhibits and any other file materials that reference or summarize the SBI report and including one copy of the SBI report, in order to comply with all rules of that counsel's malpractice insurance carrier; any statutory records retention requirements including, but not limited to N.C.G.S. § 132-3; and all rules of the North Carolina State Bar with regard to file retention. This Consent Protective Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that were used as exhibits for the Court (unless such exhibits were filed under seal) and (b) a party may seek the written permission of the other parties and the SBI or further order of this Court with respect to the dissolution or modification of this Order.

20. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**So Ordered:**

_____
LOUISE W. FLANAGAN
United States District Judge

_November 4, 2020_
Date

**AGREED TO BY:**

**/s/ Angel E. Gray**
Angel E. Gray
North Carolina Bar No. 24257
**N.C. State Bureau of Investigation**
3320 Garner Road
Raleigh, NC 27610
Telephone: (919) 662-4500
Facsimile: (919) 662-4523

*Attorney for North Carolina State Bureau of Investigation*

**/s/ Catharine E. Edwards**
Catharine E. Edwards
North Carolina Bar No. 52705
cedwards@edwardskirby.com
Winston S. Kirby
N.C. State Bar No.: 49316
wkirby@edwardskirby.com
**EDWARDS KIRBY, LLP**
3201 Glenwood Ave., Ste. 100
Raleigh, NC 27612
Telephone: (919) 780-5400
Facsimile: (919) 800-3099

*Attorneys for Plaintiff*

**/s/ Dan M. Hartzog, Jr.**
Dan M. Hartzog, Jr.
N.C. State Bar No. 35330
dhartzogjr@hartzoglawgroup.com
Katherine Barber-Jones
N.C. State Bar No.: 44197
kbarber-jones@hartzoglawgroup.com
**HARTZOG LAW GROUP**
1903 N. Harrison Avenue, Suite 200
Cary , NC 27513
Telephone: (919) 670-0338
Facsimile: (919) 714-4635

*Attorneys for Defendant William Brett Edwards*

**/s/ Hunt K. Choi**
Hunt K. Choi
N.C. State Bar No. 24172
hunt.choi@raleighnc.gov
Post Office Box 590
Raleigh , NC 27602
Telephone: (919) 996-6560
Facsimile: (919) 996-7021

**CITY OF RALEIGH**
**Robin L. Tatum**
**City Attorney**

*Attorney for Defendant City of Raleigh*

# EXHIBIT A

## ACKNOWLDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order for State Bureau of Investigation Report in the case of *Mojarrad v. Edwards, et. al.*, Case No. 5:20-CV-396, United States District Court, Eastern District of North Carolina. I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions from the Court. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the Protective Order in relation with my involvement with the above case.

I further agree to submit to the jurisdiction of the United States District Court, Eastern District of North Carolina, for the purpose of enforcing the terms of this Consent Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed Name: _____

Signature: _____