IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:20-cv-396-FL

| | | |
|---|---|---|
| SIAVASH MOJARRAD, as | ) | |
| Administrator of THE ESTATE OF | ) | |
| SOHEIL ANTONIO MOJARRAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER OF DEFENDANT** |
| v. | ) | **WILLIAM BRETT EDWARDS TO** |
| | ) | **PLAINTIFF'S FIRST AMENDED** |
| WILLIAM BRETT EDWARDS, *in his* | ) | **COMPLAINT** |
| *individual capacity*, and the CITY OF | ) | |
| RALEIGH, NORTH CAROLINA, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Defendant WILLIAM BRETT EDWARDS, in his individual capacity only (*hereinafter*, "Officer Edwards" or "Responding Defendant"), by and through undersigned counsel, and answers Plaintiff's First Amended Complaint, filed at Docket Entry 38 (*hereinafter*, "Complaint).

## **ANSWER**

Officer Edwards responds to the individually numbered Paragraphs of the Complaint as follows:

1. It is admitted that Officer Edwards is a police officer at the Raleigh Police Department ("RPD"). It is further admitted that Officer Edwards responded to a call for service on April 20, 2019, where he was confronted by Soheil Antonio Mojarrad, Plaintiff's decedent (*hereinafter*, "Mr. Mojarrad"), who advanced on him with a knife, and in

1

response, Officer Edwards shot him. Except as specifically admitted herein, the allegations contained in Paragraph 1 of the Complaint are denied.

2. It is admitted upon information and belief that Mr. Mojarrad was determined to have sustained eight gunshot wounds. Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint. Except as specifically admitted herein, the allegations contained in Paragraph 2 of the Complaint are denied.

3. It is admitted that Officer Edwards did not activate his body worn camera prior to his interaction with Mr. Mojarrad. It is further admitted upon information and belief that there is no video footage of Officer Edwards' interaction with Mr. Mojarrad. The remaining allegations contained in Paragraph 3 of the Complaint are not directed to the Responding Defendant, and are accordingly denied. Except as specifically admitted, the allegations contained in Paragraph 3 of the Complaint are denied.

4. The allegations contained in Paragraph 4 of the Complaint are denied.

5. Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and the same are therefore denied.

6. It is admitted that Officer Edwards is employed as a Senior Police Officer by the Police Department of the City of Raleigh and has been so employed at all times relevant to the events alleged in the Complaint. It is further admitted that Officer Edwards resides in Wake County, North Carolina. The remaining allegations contained in Paragraph 6 of

the Complaint constitute conclusions of law, to which no response is required. Except as specifically admitted, the allegations contained in Paragraph 6 of the Complaint are denied.

7. The allegations contained in Paragraph 7 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are admitted upon information and belief.

8. The Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and the same are therefore denied.

9. The allegations contained in Paragraph 9 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

10. The allegations contained in Paragraph 10 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

11. The allegations contained in Paragraph 11 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

12. The Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and the same are therefore denied.

13.     The Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and the same are therefore denied.

14.     The Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and the same are therefore denied.

15.     The Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and the same are therefore denied.

16.     The Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and the same are therefore denied.

17.     The Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and the same are therefore denied.

18.     It is admitted upon information and belief that Mr. Mojarrad died on April 20, 2019. Except as specifically admitted, the Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and the same are therefore denied.

19.     It is admitted upon information and belief that Mr. Mojarrad was at the Sheetz gas station located at 5200 New Bern Avenue in Raleigh, North Carolina, at 8:00 PM on April 20, 2019. It is further admitted that Officer Edwards was informed by an

employee who worked at the same Sheetz gas station that Mr. Mojarrad had been trespassed from the premises on several prior occasions, and, upon information and belief, was accordingly "known" to her and other employees. Except as specifically admitted, the Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and the same are therefore denied.

20.     It is specifically denied that Mr. Mojarrad "did not… at any relevant time… manifest… violent or confrontational" behavior. Except as specifically denied, the Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and the same are therefore denied.

21.     It is admitted that Officer Edwards was assigned to work a shift on April 20, 2019 that began at 6:00 pm and concluded at 6:00 am on April 21, 2019, and that his assigned duties included patrolling an area of the Southeast District, which included the area of New Bern Avenue where the Dairy Queen and Sheetz were located. Except as specifically admitted, the allegations contained in Paragraph 21 of the Complaint are denied.

22.     It is admitted that Officer Edwards was prescribed Adderall by his doctor and took his prescribed dosage before his shift in the manner advised by his doctor. Except as specifically admitted, the allegations contained in Paragraph 22 of the Complaint are denied.

23.     It is admitted that Officer Edwards' wife and children went to the Dairy Queen located at 5260 New Bern Avenue, Raleigh, North Carolina on the evening of April 20, 2019, and that Officer Edwards went in to the Dairy Queen to see them for a few minutes and to purchase a burger and a drink. It is further admitted that, after leaving the Dairy Queen, Officer Edwards stopped at the Sheetz to put gas in the tank of his patrol vehicle, swiped his card, and pumped several gallons of gas. Except as specifically admitted, the allegations contained in Paragraph 23 of the Complaint are denied.

24.     It is admitted that, shortly before the interaction between Officer Edwards and Mr. Mojarrad, Officer Edwards was approached at the gas pump by a Sheetz employee and a customer who informed Officer Edwards that Mr. Mojarrad stole a cell phone belonging to that customer from the Sheetz gas station and had just left with it. It is further admitted that, as Officer Edwards was pulling in to the Sheetz gas station, Officer Edwards had observed Mr. Mojarrad staring at his patrol vehicle. Except as specifically admitted, the allegations contained in Paragraph 24 of the Complaint are denied.

25.     It is admitted upon information and belief that the cell phone that had been reported stolen from the Sheetz was eventually discovered in a nearby trash can. Except as specifically admitted, the Responding Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and the same are therefore denied.

26.     It is specifically admitted that an employee from Sheetz Security Operations called 911 and requested service to the gas station at 5200 New Bern Avenue, in reference to a trespasser on the property, who was later determined to be Mr. Mojarrad and who had

been the subject of a previous call to 911, earlier in the day. Except as specifically admitted, the allegations contained in Paragraph 26 of the Complaint are denied.

27. It is specifically admitted that Officer Edwards was assigned to respond to the trespass call at Sheetz while pumping gas. It is further admitted that Officer Edwards was approached at the gas pump by a Sheetz employee, who told him that she had called 911 because a trespasser kept coming into the building, and informed Officer Edwards that Mr. Mojarrad stole a cell phone belonging to a customer at the Sheetz gas station and left with it. It is further admitted that Officer Edwards spoke to the customer himself, who confirmed that Mr. Mojarrad had stolen his cell phone. It is further admitted that Officer D.M. Thompson was also dispatched to the Sheetz. Except as specifically admitted, the allegations contained in Paragraph 27 of the Complaint are denied.

28. Admitted.

29. It is admitted that Officer Edwards noticed a man sitting outside the Overtime Sports Bar who was wearing a white hat as described by witnesses, but Officer Edwards could not see his face. It is further admitted that Officer Edwards then parked his car, and as he parked, Mr. Mojarrad immediately got up and walked away from Overtime Sports Bar, toward the east and across the crosswalk. Except as specifically admitted, the allegations contained in Paragraph 29 of the Complaint are denied.

30. It is admitted that Officer Edwards began walking toward Mr. Mojarrad, who was still in the crosswalk, and repeatedly instructed Mr. Mojarrad to stop and repeatedly told him that Officer Edwards needed to talk to him. It is further admitted that Mr. Mojarrad reached the sidewalk running parallel to the driveway that went around to the side and

behind the shopping center, while Officer Edwards continued walking toward him. Except as specifically admitted, the allegations contained in Paragraph 30 of the Complaint are denied.

31.     It is admitted that Officer Edwards and Mr. Mojarrad were in the sidewalk area east of the shopping center. It is further admitted that Officer Thompson had not yet arrived. Except as specifically admitted, the allegations contained in Paragraph 31 of the Complaint are denied.

32.     It is admitted that Officer Edwards continued to give Mr. Mojarrad commands and approach him, while Mr. Mojarrad turned around to face Officer Edwards, screaming profanities. Except as specifically admitted, the allegations contained in Paragraph 32 of the Complaint are denied.

33.     It is admitted that after Mr. Mojarrad crossed the sidewalk, Mr. Mojarrad turned around and squarely faced Officer Edwards, while continuing to yell profanities and appearing to be very agitated. It is further admitted that, while Officer Edwards continued to give him commands to get on the ground and show his hands, Mr. Mojarrad put his hand in his pocket, grasped an object, and then pulled the object out, which was immediately identifiable as a knife and which Mr. Mojarrad then flipped open. It is further admitted that Mr. Mojarrad brandished the knife and began to advance toward Officer Edwards. It is denied that Mr. Mojarrad was as far as twenty (20) feet away at that time. Except as specifically admitted, the allegations contained in Paragraph 33 of the Complaint are denied.

34.     It is admitted that when Mr. Mojarrad drew his knife, Officer Edwards drew his duty weapon and gave him commands to stop, get on the ground, drop the knife, and show his hands, and Mr. Mojarrad did not comply with his commands. Except as specifically admitted, the allegations contained in Paragraph 34 of the Complaint are denied.

35.     It is admitted that when Mr. Mojarrad raised the knife above his right shoulder, continued screaming at Officer Edwards, and advanced on him, Officer Edwards reasonably feared for his life and fired rounds from his duty weapon at Mr. Mojarrad, who remained standing and continued to advance on Officer Edwards, who was unsure whether bullets had struck Mr. Mojarrad. It is further admitted that, while Mr. Mojarrad was still standing with his knife raised and Officer Edwards was still yelling at him to get down and drop the weapon, Officer Edwards became unsure of how much ammunition he had left, and changed magazines, continuing to watch Mr. Mojarrad, who turned and seemed to walk toward the tree line, but Mr. Mojarrad then turned around and advanced again on Officer Edwards, which is when Officer Edwards fired again, causing Mr. Mojarrad to finally stop advancing and then fall backward. Except as specifically admitted, the allegations contained in Paragraph 35 of the Complaint are denied.

36.     It is admitted that Officer Edwards fired approximately 11 rounds. It is further admitted, upon information and belief, that most of the gunshot entry wounds sustained by Mr. Mojarrad were determined to be on the right and left sides of his chest and abdomen, with some exit wounds on the right side of his back. Except as specifically admitted, the allegations contained in Paragraph 36 of the Complaint are denied.

9

37.    It is admitted that Mr. Mojarrad collapsed in the grassy area to the east side of the shopping center. It is further admitted that Officer Thompson did not arrive until the events described in the above paragraphs had concluded. Except as specifically admitted, the Responding Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint, and the same are therefore denied.

38.    It is admitted that Mr. Mojarrad landed on his back when he collapsed. It is further admitted, upon information and belief, that the EMS team who arrived on scene pronounced Mr. Mojarrad dead. Except as specifically admitted, the allegations contained in Paragraph 38 of the Complaint are denied.

39.    It is specifically denied that Mr. Mojarrad did not have a knife in his hand at the time he was shot by Officer Edwards. Except as specifically admitted, the allegations contained in Paragraph 39 of the Complaint are denied.

40.    The allegations contained in Paragraph 40 of the Complaint are denied.

41.    The allegations contained in Paragraph 41 of the Complaint are denied.

42.    To the extent the allegations contained in Paragraph 42 of the Complaint are not directed to the Responding Defendant, no response is required. To the extent the allegations contained in Paragraph 42 of the Complaint are directed to the Responding Defendant, such allegations are denied.

43.    The allegations contained in Paragraph 43 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

44.     The allegations contained in Paragraph 44 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

45.     The allegations contained in Paragraph 45 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

46.     The allegations contained in Paragraph 46 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

47.     The allegations contained in Paragraph 47 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

48.     The allegations contained in Paragraph 48 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

49.     The allegations contained in Paragraph 49 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

50.     The allegations contained in Paragraph 50 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

51.     The allegations contained in Paragraph 51 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

52.     The allegations contained in Paragraph 52 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

53.     The allegations contained in Paragraph 53 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

54.     The allegations contained in Paragraph 54 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

55.     The allegations contained in Paragraph 55 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

56.     The allegations contained in Paragraph 56 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

57.     It is admitted that Officer Edwards was equipped with a body worn camera and that his patrol car was equipped with a dash camera. The remaining allegations contained in Paragraph 57 of the Complaint are not directed to the Responding Defendant,

and therefore no response is required. Except as specifically admitted, and to the extent a response is required, the allegations contained in Paragraph 57 of the Complaint are denied.

58. It is admitted that Officer Edwards' dash camera was on during his interaction with Mr. Mojarrad, but did not record sound. The remaining allegations contained in Paragraph 58 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, it is admitted that RPD's MVR Policy speaks for itself and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 58 of the Complaint are denied.

59. It is admitted that Officer Edwards did not activate his body worn camera before his interactions with Mr. Mojarrad. The remaining allegations contained in Paragraph 59 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, it is admitted that RPD's Body Worn Camera Policy speaks for itself, and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 59 of the Complaint are denied.

60. The allegations contained in Paragraph 60 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

61. The allegations contained in Paragraph 61 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

62.     The allegations contained in Paragraph 62 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

63.     The allegations contained in Paragraph 63 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

64.     The allegations contained in Paragraph 64 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

65.     The allegations contained in Paragraph 65 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

66.     It is specifically denied that Officer Edwards violated the City of Raleigh's use of force policy. Except as specifically denied, the allegations contained in Paragraph 66 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

67.     It is specifically denied that Officer Edwards engaged in an unreasonable use of deadly force. Except as specifically denied, the allegations contained in Paragraph 67 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

68. The allegations contained in Paragraph 68 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

69. It is specifically denied that Officer Edwards violated the City of Raleigh's policy regarding the use of deadly force. Except as specifically denied, the allegations contained in Paragraph 69 of the Complaint, and all subparagraphs thereto, are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

70. The allegations contained in Paragraph 70 of the Complaint are denied.

71. The allegations contained in Paragraph 71 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are admitted.

72. The allegations contained in Paragraph 72 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

73. The allegations contained in Paragraph 73 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied for lack of information and belief.

74. The allegations contained in Paragraph 74 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied for lack of information and belief.

75.     The allegations contained in Paragraph 75 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied for lack of information and belief.

76.     The allegations contained in Paragraph 76 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

77.     The Responding Defendant incorporates all preceding paragraphs by reference as though fully set forth herein.

78.     The allegations contained in Paragraph 78 of the Complaint, and each and every subparagraph thereto, are denied.

79.     The allegations contained in Paragraph 79 of the Complaint are denied.

80.     The allegations contained in Paragraph 80 of the Complaint are denied.

81.     The allegations contained in Paragraph 81 of the Complaint are denied.

82.     The allegations contained in Paragraph 82 of the Complaint are denied.

83.     The allegations contained in Paragraph 83 of the Complaint are denied.

84.     The Responding Defendant incorporates all preceding paragraphs by reference as though fully set forth herein.

85.     The allegations contained in Paragraph 85 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. Further, these allegations constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

86. The allegations contained in Paragraph 86 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. Further, these allegations constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

87. The allegations contained in Paragraph 87 of the Complaint, and every subparagraph thereto, are not directed to the Responding Defendant, and therefore no response is required. Further, these allegations constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

88. [Omitted from Plaintiff's First Amended Complaint]

89. [Omitted from Plaintiff's First Amended Complaint]

90. [Omitted from Plaintiff's First Amended Complaint]

91. The allegations contained in Paragraph 91 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. Further, these allegations constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

92. The allegations contained in Paragraph 92 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. Further, these allegations constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

93. The allegations contained in Paragraph 93 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. Further, these

allegations constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

94. The allegations contained in Paragraph 94 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

95. The Responding Defendant incorporates all preceding paragraphs by reference as though fully set forth herein.

96. The allegations contained in Paragraph 96 of the Complaint are denied.

97. The allegations contained in Paragraph 97 of the Complaint are denied.

98. The allegations contained in Paragraph 98 of the Complaint are denied.

99. The allegations contained in Paragraph 99 of the Complaint are denied.

100. The allegations contained in Paragraph 100 of the Complaint are denied.

101. The allegations contained in Paragraph 101 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

102. The allegations contained in Paragraph 102 of the Complaint are denied.

103. The allegations contained in Paragraph 103 of the Complaint, and each and every subparagraph thereto, are denied.

104. The allegations contained in Paragraph 104 of the Complaint are denied.

105. The allegations contained in Paragraph 105 of the Complaint are denied.

106. The Responding Defendant incorporates all preceding paragraphs by reference as though fully set forth herein.

107. The allegations contained in Paragraph 107 of the Complaint are denied.

108. The allegations contained in Paragraph 108 of the Complaint are denied.

109. The allegations contained in Paragraph 109 of the Complaint are denied.

110. The allegations contained in Paragraph 110 of the Complaint are denied.

111. The allegations contained in Paragraph 111 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

112. The allegations contained in Paragraph 112 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

113. The Responding Defendant incorporates all preceding paragraphs by reference as though fully set forth herein.

114. The allegations contained in Paragraph 114 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

115. The allegations contained in Paragraph 115 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

116. The allegations contained in Paragraph 116, and each and every subparagraph thereto, are denied.

117. The allegations contained in Paragraph 117 of the Complaint are denied.

118. The allegations contained in Paragraph 118 of the Complaint are denied.

119.    The Responding Defendant incorporates all preceding paragraphs by reference as though fully set forth herein.

120.    It is admitted that Officer Edwards was employed by the City of Raleigh as an officer of the Raleigh Police Department and was acting in the course and scope of his employment at all times relevant to the events alleged in the Complaint. Except as specifically admitted, the allegations contained in Paragraph 120 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied for lack of information and belief.

121.    The allegations contained in Paragraph 121 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

122.    The allegations contained in Paragraph 122 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

123.    The allegations contained in Paragraph 123 of the Complaint, and every subparagraph thereto, are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

124.    The allegations contained in Paragraph 124 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

125. The allegations contained in Paragraph 125 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

126. The allegations contained in Paragraph 126 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

127. The allegations contained in Paragraph 127 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

128. The Responding Defendant incorporates all preceding paragraphs by reference as though fully set forth herein.

129. The allegations contained in Paragraph 129 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

130. The allegations contained in Paragraph 130 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

131. The allegations contained in Paragraph 131 of the Complaint, and every subparagraph thereto, are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

132. The allegations contained in Paragraph 132 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

133. The allegations contained in Paragraph 133 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

134. The allegations contained in Paragraph 134 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

135. The allegations contained in Paragraph 135 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

136. The allegations contained in Paragraph 136 of the Complaint are not directed to the Responding Defendant, and therefore no response is required. To the extent a response is required, these allegations are denied.

137. The Responding Defendant incorporates all preceding paragraphs by reference as though fully set forth herein.

138. The allegations contained in Paragraph 138 of the Complaint constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied.

139. The allegations contained in Paragraph 139 of the Complaint, and each and every subparagraph thereto, are denied.

140.    The allegations contained in Paragraph 140 of the Complaint are denied.

141.    The allegations contained in Paragraph 141 of the Complaint are denied.

142.    The allegations contained in Paragraph 142 of the Complaint are denied.

**ALL ALLEGATIONS CONTAINED IN THE COMPLAINT NOT SPECIFICALLY ADMITTED TO ABOVE ARE DENIED.**

## FIRST AFFIRMATIVE DEFENSE

The Responding Defendant pleads sovereign and governmental immunity as a defense to all applicable claims asserted herein and to the extent not waived by the purchase of insurance and/or participation in a risk pool.

## SECOND AFFIRMATIVE DEFENSE

The Responding Defendant pleads qualified and public official immunity as a complete defense to all claims asserted in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

The Responding Defendant pleads all other applicable immunities to which he is entitled by operation of law in bar of Plaintiff's rights to recover herein.

## FOURTH AFFIRMATIVE DEFENSE

The Responding Defendant has complied with all applicable laws and regulations and, having so complied, acted without improper motive and any injury accruing to Plaintiff, the existence of which is specifically denied, is not actionable.

## FIFTH AFFIRMATIVE DEFENSE

The Responding Defendant alleges that Mr. Mojarrad's actions on the day in question caused Plaintiff's alleged injuries and damages, in that Mr. Mojarrad acted in such a manner so as to cause the Responding Defendant to reasonably fear for his safety, failed to comply with the Responding Defendant's lawful orders, and otherwise engaged in hostile, aggressive, threatening, and assaultive conduct. These acts by Mr. Mojarrad were a direct and proximate cause of any damages allegedly sustained by Mr. Mojarrad or Plaintiff, and are specifically pled in bar of Plaintiff's right to recover any damages in this action.

## SIXTH AFFIRMATIVE DEFENSE

The Responding Defendant pleads self-defense and provocation as a defense to all applicable claims asserted in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Legal justification is pled as an affirmative defense in bar of Plaintiff's alleged right to recover in this action.

## EIGHTH AFFIRMATIVE DEFENSE

At all relevant times, Responding Defendant acted in compliance with and pursuant to N.C.G.S. § 15A-401. Responding Defendant's compliance therewith is hereby pled as an affirmative defense to all applicable claims herein.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by N.C.G.S. §1D *et seq.* and by

the constitutions of the United States and North Carolina. Plaintiff's claims for punitive damages are in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States in that they would deprive the Responding Defendant of property without due process of law; further, the claims for punitive damages are violative of the Fourteenth Amendment of the Constitution of the United States concerning equal protection; and the punitive damages claims are further in violation of the Eighth Amendment of the Constitution of the United States prohibiting imposition of excessive fines.

## TENTH AFFIRMATIVE DEFENSE

As an additional and affirmative defense as to Plaintiff's claim for punitive damages, Responding Defendant raises all defenses, rights, remedies, immunities and limits set out in Chapter 1D of the North Carolina General Statutes, as a bar or limitation to Plaintiff's right to recover punitive damages herein.

## ELEVENTH AFFIRMATIVE DEFENSE

If it should be determined that Responding Defendant was guilty of any negligence or gross negligence, which is again denied, then, in that event, it is alleged upon information and belief that the Plaintiff's decedent, Soheil Mojarrad, contributed to his injuries in that he failed to use the judgment of a reasonably prudent person under the circumstances and he was otherwise negligent and/or grossly negligent as will be shown through discovery and at trial. These acts on the part of Plaintiff's decedent were a direct and proximate cause of any injuries or damages sustained by Plaintiff, and are specifically

pled as contributory negligence and gross contributory negligence and as a bar of any right which Plaintiff might otherwise have to recover herein.

## TWELFTH AFFIRMATIVE DEFENSE

THE RESPONDING DEFENDANT RESERVES THE RIGHT TO AMEND HIS ANSWER AND TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE CLAIMS OF PLAINTIFF ARE MORE FULLY DISCLOSED DURING THE COURSE OF THIS LITIGATION.

WHEREFORE, having fully answered each and every allegation contained in Plaintiff's Complaint, the Responding Defendant prays to the Court as follows:

1. That the Plaintiff have and recover nothing of the Responding Defendant by way of this action;

2. For the costs of this action, including reasonable attorneys' fees;

3. For a trial by jury on all issues of fact so triable herein; and

4. For such other and further relief as the Court may deem just and proper.

This the 3rd day of May, 2021.

**HARTZOG LAW GROUP LLP**

*/s/ Dan M. Hartzog Jr.*
DAN M. HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197

E-mail: kbarber-jones@hartzoglawgroup.com
1903 N. Harrison Avenue, Suite 200
Cary, North Carolina 27513
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant William Brett Edwards*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that this day the foregoing *Answer of Defendant William Brett Edwards to Plaintiff's First Amended Complaint* was electronically filed with the Clerk of Court using the CM/ECF system, which will effect service on all registered users, including counsel of record:

Catharine E. Edwards
Email: cedwards@edwardskirby.com
Winston S. Kirby
Email: wkirby@edwardskirby.com
EDWARDS KIRBY
P.O. Box 17005
3201 Glenwood Avenue Suite 100
Raleigh, NC 27619
*Attorneys for Plaintiff*

Hunt K. Choi
Email: hunt.choi@raleighnc.gov
CITY OF RALEIGH, NORTH CAROLINA
Office of the City Attorney
Post Office Box 590
Raleigh, North Carolina 27602-0590
*Attorneys for Defendants Cassandra Deck-Brown, Ruffin Hall, and City of Raleigh, North Carolina*

This the 3rd day of May, 2021.

**HARTZOG LAW GROUP LLP**

*/s/ Dan M. Hartzog Jr.*
DAN M. HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
1903 N. Harrison Avenue, Suite 200
Cary, North Carolina 27513
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
*Attorneys for Defendant William Brett Edwards*