IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-396-FL

| | |
|---|---|
| SIAVASH L. MOJARRAD, )<br>*as administrator of The Estate of* )<br>*Soheil Antonio Mojarrad*, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>CITY OF RALEIGH, )<br>NORTH CAROLINA, *et al.*, )<br> )<br>Defendants. ) | ORDER |

This matter is before the court on Defendant William Edwards motion for a protective order, pursuant to Fed. R. Civ. P. 26(c). [DE-32]. Plaintiff responded in opposition. [DE-34]. For the reasons that follow, the motion is allowed in part and denied in part.

**I. Background**

Plaintiff in this action alleges that Officer Edwards of the Raleigh Police Department used excessive force against Soheil Mojarrad, the decedent, when Edwards shot Mojarrad while trying to detain him in response to a call for assistance with a trespass and the theft of a cell phone at a nearby gas station. First Am. Compl. [DE-38] ¶¶ 19–40. Plaintiff alleges that Edwards took Adderall, a stimulant amphetamine primarily used to treat ADHD and narcolepsy, prior to beginning his 6:00 p.m., twelve hour shift in order to regulate his sleep cycle; Adderall is known to cause side effects including nervousness and heightened blood pressure; and a primary warning for Adderall is that it may cause new or worsened aggressive behavior or hostility. *Id.* Plaintiff asserts claims for negligence and gross negligence against Edwards and the City of Raleigh; claims

for assault and battery, wrongful death, and violation of 42 U.S.C. § 1983 (use of deadly force) against Edwards; and claims for violation of 42 U.S.C. § 1983 (unconstitutional policies and practices and failure to train and/or supervise) against the City of Raleigh. *Id.* ¶¶ 77–136. Defendant Edwards filed the instant motion for a protective order in response to discovery requests served on Edwards and the City of Raleigh for production of Edwards' personal medical, psychotherapy, and psychiatric records. [DE-32].

## II. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides the general rule regarding the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06-CV-889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007); *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). However, a court for good cause may issue an order forbidding or limiting the scope of disclosure or discovery into certain matters. Fed. R. Civ. P. 26(c)(1)(A), (D).

## III. Discussion

Defendant Edwards seeks an order protecting his personal medical, psychotherapy, and psychiatric records from disclosure, arguing they are protected by the psychotherapist-patient privilege and the healthcare provider-patient privilege, or other laws prohibiting their disclosure,

2

and are not within the scope of relevant discovery. [DE-32]. Plaintiff opposes the motion, arguing that the records at issue are not entirely privileged but that Edwards waived any privilege and the records are highly relevant. [DE-34].

At issue are three requests for production, RFPs 10 and 11 served on Edwards and RFP 9 served on the City of Raleigh. Def.'s Mem. [DE-33] at 2. In RFP 10 to Edwards, Plaintiff sought:

> All records relating to counseling, psychotherapy, psychiatry, or other mental health treatment that Defendant has undergone at any time. In addition to producing these documents, please also provide an authorization and release allowing counsel for Plaintiff to obtain these records directly from the medical provider(s). A proposed authorization for the release of medical records is attached hereto as Exhibit A.

Ex. [DE-32-2] at 8. In RFP 11 to Edwards, Plaintiff sought, "All records of medications prescribed to you, including the prescription and the pharmacy records, in or during the year prior to April 20, 2019." *Id.* at 10–11. Edwards initially objected that both requests were vague, overly broad, ambiguous, irrelevant, and not reasonably tailored. *Id.* at 8, 11. However, reserving those objections, Edwards also responded that he had requested records from his provider and pharmacy and would supplement records related to the subject incident, if any, after entry of a mutually agreed upon protective order. *Id.* Edwards also indicated he would "supplement records demonstrating that the Adderall described in the pleadings was lawfully prescribed and obtained, after entry of a mutually agreed upon protective order." *Id.* at 11. Edwards later amended and supplemented his responses, after receiving and reviewing the records, to assert that "there are no records with relevant, non-privileged information. Rather, the records contain information obtained and used to evaluate and provide medical and mental health treatment to Defendant," reasserted his objection that the records were not relevant, and produced a privilege log. *Id.* at 8–18. In his Third Supplemental Response, Edwards stated that

3

> Defendant has learned that responsive records may be in the custody of Business Health Services ("BHS"), through the City of Raleigh's Employee Assistance Program. Defendant will request copies of these records and supply a privilege log once counsel for Defendant have received and reviewed these records, but Defendant anticipates that he will interpose the same objections as have been made previously regarding requests to disclose mental health treatment records in response to this Request and other discovery requests.

*Id.* at 10, 13, 19–20.

In RFP 9 to the City of Raleigh, Plaintiff sought, "The entire personnel file of Defendant William Brett Edwards." Ex. [DE-32-3] at 14. The City objected that the request was unduly broad, sought irrelevant material, was not likely to lead to the discovery of admissible evidence, and sought materials protected under N.C. Gen. Stat. § 160A-168. *Id.* Reserving its objections, the City produced documents comprising Edwards' personnel file. *Id.*

Edwards first argues that his personal mental health records are privileged under both federal and state law, specifically N.C. Gen. Stat. §§ 8-53 and 8-53.3 and federal common law as recognized in *Jaffee v. Redmond*, 518 U.S. 1 (1996), and he has not waived the privilege. Def.'s Mem. [DE-33] at 4–7. Plaintiff counters that Edwards seeks to impermissibly expand recognized privileges to all medical records when they only apply to communications between patient and provider, Edwards has waived any privilege by failing to timely raise it and by sharing records with the City, and the administration of justice requires disclosure. Pl.'s [DE-34] at 3–6.

As an initial matter, the court finds that the federal law of privilege applies in this case because the court's jurisdiction is based on a federal question. *See* Jt. Notice of Removal [DE-1] at 3. This court has noted that "in a case involving both federal and state law claims, the federal law of privilege applies." *Morgan v. Spivey*, No. 5:16-CV-365-FL, 2017 WL 6210896, at *3 (E.D.N.C. Dec. 8, 2017) (applying Fed. R. Evid. 501 as the applicable law of privilege where the

4

court's jurisdiction was based on a federal question (quoting *Virmani v. Novant Health Inc.*, 259 F.3d 284, 287 n.3 (4th Cir. 2001))).

> Rule 501 of the Federal Rules of Evidence provides as follows:
>
> The common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege unless any of the following provides otherwise:
>
> - the United States Constitution;
> - a federal statute; or
> - rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

In *Jaffee v. Redmond*, the Supreme Court recognized a psychotherapist privilege and held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 518 U.S. at 15. The court found that both the conversations between the patient and therapist and the notes taken during their counseling sessions were protected from disclosure. *Id.* at 18. The party asserting the privilege must demonstrate that the allegedly privileged communications were (1) made in confidence, (2) between a licensed psychiatrist, psychologist, or social worker and his or her patient, and (3) in the course of diagnosis or treatment. *Morgan*, 2017 WL 6210896, at *3 (citing *Jaffee*, 518 U.S. at 15). The *Jaffee* court noted that the privilege, like other testimonial privileges, could be waived by the patient, 518 U.S. at 15 n. 14, and the Fourth Circuit subsequently found that a patient may waive the privilege by "knowingly and voluntarily relinquishing it" through disclosure of the substance of a therapy session to unrelated third parties or by not properly asserting the privilege during testimony. *United States v. Bolander*, 722 F.3d 199, 223 (4th Cir. 2013) (citing *United States v. Hayes*, 227 F.3d 578, 586 (6th Cir. 2000); *Hawkins v. Stables*, 148 F.3d 379, 384 (4th Cir. 1998)).

5

## A. Records of Mental Health Treatment

Plaintiff in RFP No. 10 requested "[a]ll records relating to counseling, psychotherapy, psychiatry, or other mental health treatment that Defendant has undergone at any time." Ex. [DE-32-2] at 8. Plaintiff does not dispute that the psychotherapist-patient privilege would apply to communications between a patient and licensed provider. Pl.'s Resp. [DE-34] at 5. Plaintiff contends, however, that to the extent Edwards' medical records contain more than communications, that part of the record is not privileged, and the documents can be redacted to protect the privileged material. *Id.* The court agrees with Plaintiff based on this court's decision in *Morgan v. Spivey*, which involved facts similar to this case and addressed the psychotherapist-patient privilege.

In *Morgan*, the plaintiff was involved in an altercation with law enforcement and was shot. 2017 WL 6210896, at *2. Plaintiff filed suit alleging emotional injury, among other things, and in discovery the defendants sought information about mental health counseling the plaintiff received after the altercation, including medical records, bills, statements, electronic data, charts, notes, records, reports, treatment or observation of any mental condition, and summaries of all medical treatment rendered to plaintiff. *Id.* at 2, 4. The court, after concluding the plaintiff had not waived the privilege, found good cause to issue a protective order "shielding from discovery or trial any information protected by the psychotherapist-patient privilege, in other words any communications that were made in confidence, between a licensed psychiatrist, psychologist, or social worker and plaintiff, in the course of diagnosis or treatment." *Id.* at 4. In this case, Edwards' mental health records are, at least in part, protected from disclosure by the psychotherapist privilege under Rule 501 to the extent they contain communications between Edwards and his treatment provider or the treatment provider's notes in the course of Edwards' diagnosis or

6

treatment, and any such protected information can be redacted in order to preserve the confidentiality of the privileged information. Plaintiff's argument that the privileged information should nevertheless be disclosed in the interest of justice is at odds with *Jaffee*. Pl.'s Mem. [DE-34] at 6. The Supreme Court in *Jaffee* expressly rejected such a balancing approach, reasoning that "[m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege." 518 U.S. at 17.

Next, the court must consider whether Edwards has waived the privilege by disclosing the substance of his therapy sessions to unrelated third parties or by not asserting the privilege during testimony. *Bolander*, 722 F.3d at 223. Plaintiff contends that Edwards waived the privilege by failing to assert it in his original responses to the discovery requests. Pl.'s Mem. [DE-34] at 4. While Edwards did not initially assert the privilege, at that time his counsel had not received and reviewed the records, but after doing so he amended and supplemented his responses to assert that "there are no records with relevant, non-privileged information" and produced a privilege log. Ex. [DE-32-2] at 8–18. The court finds that Edwards did not waive the privilege because he promptly asserted it after receiving and reviewing his mental health records.

Plaintiff also contends Edwards waived the privilege as to his mental health records in the custody of the City and the police chief because that information has been disclosed to third parties. Pl.'s Mem. [DE-34] at 4. There are three records listed on the privilege log as being in the custody of the Chief of Police, City of Raleigh Police Department: a Physician Statement Form described as a pre-employment medical evaluation dated January 13, 2000, a Confidential Law Enforcement Evaluation described as a pre-employment psychological evaluation dated March 15, 2000, and a Raleigh Employee Assistance Program Status Report, Treatment Summary, and Aftercare Plan

7

described as a statement regarding mental health treatment dated June 30, 2012. Ex. [DE-32-2] at 19–20. These appear to be documents in Edwards' segregated personnel file that would also be subject to RFP No. 9 to the City. Even assuming Edwards waived any privilege because these documents have been disclosed to a third party, the court finds they are not relevant because they are too remote in time from the event at issue. The first two documents were created in 2000, almost twenty years prior to the incident at issue in this case, and the third was created in 2012, almost seven years prior to the incident. *See Carpenter v. Trammel*, No. 1:18-CV-16, 2019 WL 148715, at *4 (W.D.N.C. Jan. 9, 2019) (limiting production of medical records relating to any symptoms or diagnoses for which individual was prescribed any psychiatric medication to approximately five years where the document requests were served in August 2018, documents from 2006 to present were requested, and the court limited the production to from 2013 to present); *Pidanick v. LaRosa*, No. CV91801534DCNMGB, 2018 WL 11220403, at *6 (D.S.C. Aug. 17, 2018) (finding fifteen year time period covered by interrogatories regarding the reasons for taking medications was overly broad, given the sensitive nature of the information sought and limiting the production period to the prior three years). Accordingly, these three records need not be produced because they are not relevant due to their age.

As to any non-privileged portions of the remaining mental health records dated from August 2015 to October 2020, the court finds they may be relevant to issues such as Edwards' memory and credibility as a witness. *Id.* at *3–4 (recognizing that although various cases have found that the mental status of an officer in an excessive force case is not relevant to an inquiry into his actions at the time of the alleged misconduct, other opinions have concluded that an officer's psychological status may be relevant to other issues including credibility as a witness). Plaintiff has not demonstrated that Edwards waived privilege as to these documents by disclosing

8

them to third parties as they remain in the custody of the treatment providers. Ex. [DE-32-2] at 14–18. Accordingly, these records shall be produced with any privileged information redacted.

## B. Medication and Pharmacy Records

In RFP No. 11, Plaintiff requested "records of medications prescribed to you, including the prescription and the pharmacy records, in or during the year prior to April 20, 2019." Ex. [DE-32-2] at 10–11. Medication and pharmacy records are not "communications" between a patient and psychotherapist and are not privileged, and these records may be relevant to Edwards' memory and credibility as a witness. *See In re Grand Jury Investigation*, 405 F. Supp. 3d 643, 648 (W.D. Va. 2019) (concluding medication management records showing medications prescribed did not contain privileged communications between a patient and psychotherapist); *Carpenter*, 2019 WL 148715, at *4 (ordering production of pharmacy records of defendant officer who was taking Celexa when he shot the plaintiff's decedent). Edwards also asserts a health care provider privilege, citing North Carolina state law, but as discussed above the federal law of privilege applies in this case, and federal law does not recognize a general health care provider privilege. *See Doe v. Sarah Lawrence Coll.*, No. 19-CIV-10028-PMH-JCM, 2021 WL 197132, at *8 (S.D.N.Y. Jan. 20, 2021) ("Records of medical examinations for physical ailments are not protected by the psychotherapist-patient privilege, nor are they protected by any doctor-patient privilege since that does not exist at federal common law.") (citing *Suggs v. Capital Cities/ABC, Inc.*, No. 86 CIV 2774(JMW), 1989 WL 1143930, at *1 (S.D.N.Y. Dec. 11, 1989) & *Jaffee*, 518 U.S. at 10). Accordingly, the medication and pharmacy records must be produced.

9

## IV. Conclusion

For the reasons stated above, the motion for protective order is allowed in part and denied in part. Edwards shall produce the relevant, non-privileged records, redacted to protect any privileged information, within fourteen (14) days of the date of this order.

SO ORDERED, the 8 day of June 2021.

Robert B. Jones, Jr.
United States Magistrate Judge