IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:20-CV-396-FL

| | |
|---|---|
| SIAVASH L. MOJARRAD as administrator of The Estate of Soheil Antonio Mojarrad, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM BRETT EDWARDS in his individual capacity, )<br>)<br>Defendant. ) | ORDER |

Four motions in limine dot the record of this case set for trial to commence June 12, 2023. In its initial motion, plaintiff urges the jury should not hear about 17 listed topics. (DE 168). Defendant's corresponding motion identifies 25 topics about which the jury should not hear. (DE 170). In its later filed motion, plaintiff adds topics 18 and 19 to plaintiff's list, seeking to preclude police officer uniforms from being worn at trial and testimony of or relating to Tiare Powell be excluded. (DE 217). Defendant raises in his second motion in limine two additional areas of concern, that the jury not hear about police misconduct unrelated to events of April 20, 2019, and Haleigh McGrath, Shaiyan Mojarrad, and Brittany Dunphy be excluded as witnesses. (DE 222). These motions variously filed between January 23, 2023, and February 21, 2023, where final pretrial conference was undertaken February 6, 2023, come before the court also with benefit of the parties' amended proposed pretrial order, filed March 3, 2023, (DE 224), and discussion concerning at Rule 16, Fed.R.Civ.Pro., conference following with the parties March 6, 2023.[1]

---

[1] On February 21, 2023, the court allowed plaintiff's consent motion to continue trial, and set the matter for trial to commence June 12, 2023, which date marked the earliest two-week trial block next available.

# COURT'S DISCUSSION

The court focuses here on what the parties identified in their amended proposed pretrial order as remaining to be decided pertinent to the above-listed motions. The court adopts the parties' topic numbers in its address below.

A.  **Plaintiff's Topic No. 1 (Mental and Physical Health Diagnoses and Treatment of Soheil Mojarrad ("Soheil")) (DE 168)**

Plaintiff moves to exclude any reference to the mental and physical health diagnoses or treatment of plaintiff's decedent, Soheil, including through presentation of medical records. The parties summarize their agreement as follows:

> The parties agree that the Court ruled at the Final Pretrial Conference that this Motion is denied in part and that the Court will permit Defendant Edwards to impeach a testifying witness with information, including records, that relates to Soheil's mental or physical health as it pertains to that witness's personal relationship with Soheil. Pretrial Hearing Trans. 76:12-20. The parties also agree that the Court requested that Plaintiff, without waiving his objections, provide the Court proposed limiting instructions to be read if this evidence is presented at trial. Plaintiff provided these instructions to the Court on February 10, 2023. (Dkt. Nos. 207, 207-1.)

(Amended Pretrial Order (DE 224) at I(A)). The parties request clarification regarding whether defendant may also ask direct questions to witnesses concerning their relationship with Soheil.

Plaintiff seeks damages under North Carolina's wrongful death statute, which allows for recovery of the following:

> (1) Expenses for care, treatment and hospitalization incident to the injury resulting in death;
> (2) Compensation for pain and suffering of the decedent;
> (3) The reasonable funeral expenses of the decedent;
> (4) The present monetary value of the decedent to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected;
>    a. Net income of the decedent,
>    b. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered,

> c. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;
>
> (5) Such punitive damages as the decedent could have recovered pursuant to Chapter 1D of the General Statutes had the decedent survived, and punitive damages for wrongfully causing the death of the decedent through malice or willful or wanton conduct, as defined in G.S. 1D-5;
>
> (6) Nominal damages when the jury so finds.

N.C. Gen. Stat. § 28A-18-2; see, e.g., Di Donato v. Wortman, 320 N.C. 423, 431 (N.C. 1987). Soheil's relationship with his next-of-kin is relevant to the value, and loss thereof, of his "[s]ervices, protection, care and assistance" as well as his "[s]ociety, companionship, comfort, guidance, kindly offices and advice." N.C. Gen. Stat. § 28A-18-2. Thus, as a general matter, defendant may inquire as to those relationships.

Such inquiry, however, properly is limited by Federal Rules of Evidence, including 403 and 404(b). On this basis, the court held at February 6, 2023, pretrial conference that defendant may only introduce evidence of Soheil's mental and physical health diagnoses and treatment for the purpose of impeachment by contradiction. See Fed. R. Evid. 404(b); United States v. English, 520 F. App'x 208, 209 (4th Cir. 2013) ("[T]he district court did not abuse its discretion in admitting the witness' impeachment testimony regarding extrinsic evidence for purposes of contradicting English's testimony.").

The parties now seek clarification regarding whether defendant may introduce such evidence to impeach by contradiction, generally, or whether he may do so only to the extent it goes to damages. The court holds in abeyance ruling on that question. To the extent counsel seeks to impeach by contradiction a fact unrelated to damages, consistent with the court's previous holding with respect to plaintiff's topic No. 4 regarding Soheil's prior bad acts, (DE 168 ¶ 4), counsel is cautioned to conference with the court beforehand to ensure it properly is utilized. See, e.g., United States v. Grover, No. 94–5903, 1996 WL 226262, at *5 (4th Cir. May 6, 1996) ("District courts

3

should . . . exclude extrinsic evidence which seeks to impeach by contradiction when the fact that the evidence supports or undermines is collateral or irrelevant to the material issues in the case."); Weinstein §§ 607.06[1], 608.20[3][a] (impeachment by contradiction evidence must "directly contradict[] a witness's factual testimony").

In sum, that part of plaintiff's motion seeking exclusion of any reference to the mental and physical health diagnoses or treatment of Soheil is GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART as set forth herein.

**B.     Plaintiff's Topic No. 2 (Testimony by Soheil's Treating Healthcare Providers) (DE 168)**

Plaintiff moves to exclude testimony by Soheil's treating healthcare providers, and contends that pursuant to this court's rulings at February 6, 2023, pretrial conference no treating healthcare witnesses are permitted to testify at trial. The court agrees.

Medical records available, including involuntary commitment records, appear adequate for the limited purpose for which such evidence is here admissible — impeachment by contradiction. Particularly where such testimony runs the risk of devolving into a mini trial on Soheil's prior actions upon which treatment was sought, the court at this time does not see the value of testimony by treating healthcare professionals as tipping the scale in favor of admission. See Fed. R. Evid. 403.

Accordingly, that part of plaintiff's motion seeking to exclude testimony by Soheil's treating healthcare providers is GRANTED.

**C.     Plaintiff's Topic No. 9 (Inaccurate Assumption Testimony) (DE 168)**

Plaintiff requests that eyewitness testimony by Chadwick Caudle ("Caudle") regarding his assumptions about the interaction between defendant and Soheil be excluded. Caudle, who witnessed events in question, previously testified that he "could tell that the other person [Soheil]

4

had something in their hand, like, pointing it at the officer, but he could not tell what that was." (DE 107-2 at 21:21-25). Caudle later stated: "Well, his right hand was extended forward, so I made the assumption that there was something in it. I assumed it was a gun." (Id. at 29:24-30:1). "The subject had his hand out towards the officer. I just – I assumed that there was – that it was a gun." (Id. at 23:18-20). "I assumed they were shooting at each other." (Id. at 25:8-9).

Whether Soheil had a weapon at the time of the confrontation with defendant is highly relevant to plaintiff's allegations of assault and battery, wrongful death, and excessive force. Testimony by a witness that he assumed Soheil had a firearm, without more, is substantially more prejudicial than probative, and Caudle's testimony in that limited respect is excluded. See Fed. R. Evid. 403. The court, however, emphasizes that this holding is limited to statements containing the bare assumption that Soheil had a gun in his hand. It does not reach, for instance, testimony regarding what Caudle did in fact see, and whether what he observed was consistent with Soheil holding a weapon. See Fed. R. Evid. 602.

This part of plaintiff's motion is accordingly GRANTED.

**D.      Plaintiff's Topic Nos. 10 (Leading Questions During Direct Examination) and 14 (Defendant Character Evidence) (DE 168)**

Plaintiff moves to exclude portions of testimony identified by defendant in his final pretrial disclosures which plaintiff contends was elicited through leading questions. Plaintiff also requests that the court prohibit leading questions to any witness on direct examination at trial unless the party seeking the line of questioning first seeks permission from the court. Additionally, plaintiff moves to exclude testimony as to defendant's character, except as to truthfulness and only if his truthfulness is attacked.

5

These arguments are more properly considered at trial upon proffer or introduction by defendant of such evidence. Accordingly, these parts of plaintiff's motion are HELD IN ABEYANCE.

E.  **Plaintiff's Topic No. 13 (Raleigh Police Department Determinations) (DE 168)[2]**

Plaintiff moves to exclude any reference to determinations regarding the facts at bar by the Raleigh Police Department ("RPD") Internal Affairs Unit. At February 6, 2023, pretrial conference, defendant argued in favor of admission of these determinations on the basis that plaintiff intended to introduce evidence of prior investigations and violations to establish similar past conduct for consideration of punitive damages. Defendant argued that to the extent prior violations are introduced to support punitive damages, principles of fairness require that defendant be permitted to introduce evidence that, with respect to the incident in question, internal affairs found violation only of the body worn camera policy. Plaintiff thereafter suggested he would not introduce internal affairs documents, but noted he might still seek to introduce evidence of prior use of force by defendant.

Where defendant seeks to admit RPD determinations regarding the conduct at issue for the purpose of providing context for evidence introduced by plaintiff, the court HOLDS IN ABEYANCE ruling on this part of the motion until trial. However, to provide guidance for the parties in their trial planning, the court notes that it will not permit plaintiff to use findings and reports by internal affairs as both a sword and shield. Rather, to the extent plaintiff seeks to introduce evidence of past violations by defendant of policy, or investigations thereto, he likely opens the door to introduction by defendant of evidence of policy determinations regarding defendant's encounter with Soheil.

---

[2] Defendant at February 6, 2023, pretrial conference agreed to withdraw evidence of determinations by Wake County District Attorney Lorrin Freeman.

F.  **Plaintiff's Topic No. 15 (Criminal History of Witnesses Troy Bryant and Christopher King) (DE 168)**

Plaintiff moves to exclude evidence related to any arrest or criminal history of witness Troy Bryant ("Bryant") or Christopher King ("King") pursuant to Fed. R. Evid. 609 and 403.  Under Rule 608, "[e]xcept for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness."  Fed. R. Evid. 608(b).  Rule 609 provides in relevant part that evidence of a criminal conviction, however, "must be admitted, subject to Rule 403, in a civil case . . . in which the witness is not a defendant" "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year."  Fed. R. Evid. 609(a).

The burden of establishing that the elements of Rule 609 have been met is on the party who seeks to introduce the evidence.  United States v. Cunningham, 638 F.2d 696, 697 (4th Cir.1981); see United States v. Meserve, 271 F.3d 314, 327-28 (1st Cir. 2001) ("[T]he party seeking to introduce evidence of a prior conviction for impeachment purposes under Rule 609, [is] obligated to have researched [the witness's] prior offenses and to have determined that they were admissible.").  Defendant has not responded to this part of plaintiff's motion, nor has he otherwise sought before the court to introduce evidence of criminal conviction.  Thus, decision by the court on this issue is premature, and the court HOLDS IN ABEYANCE its ruling.

G.  **Plaintiff's Topic No. 18 (Uniforms at Trial) (DE 217)**

Plaintiff requests that defendant and any other off duty captain or officer witness not be permitted to attend trial in uniform.  Plaintiff expresses concern that defendant and officer witnesses, though off duty, will wear their uniforms to enhance their credibility before the jury.

The court expects defendant, sued in his individual capacity, will appear for trial in civilian clothes.  To the extent defendant seeks to call law enforcement officers to the witness stand, and

7

some witness must for professional reason come in uniform, a limiting instruction will be given. Otherwise, the court reasonably expects any law enforcement witness not on duty called to the witness stand also will be attired in civilian clothes.

If the court's expectations are out of line with defendant's understandings, defendant has seven days to file response to this aspect of plaintiff's additional motion in limine. Otherwise, in avoidance of prejudice concerning to plaintiff, to the extent such officer witnesses are off duty, civilian attire shall be worn and in this part the motion is GRANTED.

**H.     Plaintiff's Topic No. 19 (Incompetent Witness) (DE 217)**

Plaintiff moves for the interview and transcript of Tiare Powell ("Tiare") to be excluded from trial, and that Tiare additionally be excluded as a witness unless the court first determines his competency pursuant to N.C. R. Evid. 601(b) and Fed. R. Evid. 601. (DE 217 at ¶ 19).

The parties stipulate that it was Tiare who informed defendant that Soheil stole a cellphone, which accusation in turn resulted in defendant's pursuit of Soheil. (Amended Proposed Pretrial Order (DE 224) ¶¶ 9-18). Given Tiare's role, both parties subpoenaed him to trial and previously listed his recorded and transcribed statements — that were not in court or subject to cross examination — as joint stipulated exhibits. (Pretrial Order (DE 174) at 7, 9, 10).

Thereafter, on January 31, 2023, counsel for both parties separately received calls from Nina Powell ("Nina"), Tiare's mother. Nina advised plaintiff's counsel of her concern about the veracity of the recorded and transcribed statements by Tiare as she was not present and accommodations were not made for his special needs. She also shared similar concerns about any testimony Tiare might give at trial. On this basis, plaintiff rescinds his stipulation to any recorded or transcribed statement by Tiare and instead moves that these statements be excluded as irrelevant,

substantially more prejudicial than probative, and inadmissible hearsay without an exception or exclusion.

That part of plaintiff's motion seeking exclusion of Tiare at trial unless the court first determines through voir dire outside of the jury's presence his competency to testify is GRANTED. That part seeking exclusion of Tiare's recorded or transcribed statement is HELD IN ABEYANCE until the court hears from defendant on the same.

I.  **Defendant's Topic No. 5 (Testimony, Argument Or Other References to the Shooting As "Murder," "Homicide," Or Any Derivative Thereof) (DE 170)**

Defendant moves to exclude any testimony, argument, or other references to the shooting as "murder," "homicide," or any derivative thereof. Soheil's autopsy report lists Soheil's "manner of death" as "homicide," and defendant includes this report as the first exhibit he expects to offer at trial. (Amended Proposed Pretrial Order (DE 224) at (K)(1)). On this basis, the court concludes that though overuse of the term "homicide" may become substantially prejudicial, an isolated reference is admissible. Should defendant feel that the term is being overused at trial, he may bring the issue before the court at that time.

The term "murder," however, carries with it criminal connotations that may engender confusion with the jury in this civil case, which as a factual matter already resembles a criminal case, and may also bring to bear issues of intent and premeditation not properly here considered. The value of using the term "murder," particularly where alternatives such as the term "homicide" are available, is thus substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. See Fed. R. Evid. 403. Defendant may raise any issue regarding a "derivative thereof" as need arises.

Defendant's motion is GRANTED IN PART and DENIED IN PART.

**J.     Defendant's Topic No. 6 (Graphic Photographs of Soheil's Deceased Body, Face, Or Wounds) (DE 170)**

Defendant moves to exclude all graphic photographs of Mojarrad's deceased body, face, or wounds, including autopsy photos or photos from the night of the shooting, with the exception of the photograph taken from the body worn camera of an officer on the scene showing Mojarrad's arm and hand holding a knife.

Plaintiff has alleged wrongful death, and one of the "[d]amages recoverable for death by wrongful act" includes "[c]ompensation for pain and suffering of the decedent." N.C. Gen. Stat. § 28A-18-2(b)(2). On this basis, photographs of Mojarrad's wounds, depicting the nature and degree of the injuries Soheil sustained, are relevant and, as a general matter, are not unfairly prejudicial.

Additionally, defendant has testified in his defense that his initial shots fired were not debilitating and Soheil continued to pose a deadly threat until the final volley of shots. (Edwards Dep. Dkt. No. 107-1, 264:23-269:18). Such testimony entitles the jury to view the injuries Soheil sustained.

To the extent defendant objects to a specific photograph as overly gruesome, duplicative, or otherwise unfairly prejudicial, he may bring it to the court's attention. That part of defendant's motion seeking wholesale exclusion, however, is DENIED.

**K.     Defendant's Topic No. 8 ("Reptile Theory" Arguments) (DE 170)**

Defendant moves to exclude use of the "reptile theory," by which plaintiff would endeavor to scare the jury into reaching a fear-based verdict, instead of a verdict based on logic and appropriate application of the facts to the law.

Defendant's motion, targeting abstract style of argument, is insufficiently concrete for ruling and accordingly is DENIED. Should defendant at trial take issue with specific evidence or statement on the basis of the "reptile theory," he may raise the issue at that time.

L.  **Defendant's Topic No. 9 (Arguments Requesting the Jurors "Send a Message") (DE 170)**

Defendant moves to exclude any arguments, questions, or testimony to the effect that the jury needs to send a message to defendant or members of law enforcement or prevent the alleged conduct from occurring in the future. "[R]emarks intended to enlist a jury as the 'conscience of the community' may be improper where they are calculated to inflame the jury." United States v. Brown, 70 F. App'x 99, 105 (4th Cir. 2003); see United States v. Duffaut, 314 F.3d 203, 211 (5th Cir. 2002) (noting that "a prosecutor may appeal to the jury to act as the conscience of the community, so long as the comments are not calculated to inflame"); United States v. Beasley, 2 F.3d 1551, 1559-60 (11th Cir. 1993) (concluding that several statements by prosecution instructing jury that it was a participant in a broad "war on drugs" were "appeal[s] by the prosecutor for the jury to act as 'the conscience of the community,'" were "calculated to inflame" the jury, and were thus improper). Arguments are inflammatory where they ask the jurors to reach a verdict based upon their emotional response to the evidence, rather than on the facts admissible at trial and the law applicable to the claims in issue. See United States v. Francis, 329 F. App'x 421, 428 (4th Cir. 2009) (describing testimony as "inflammatory" where it "subordinate[s] reason to emotion").

Plaintiff seeks punitive damages, however, and therefore arguments encouraging jurors to punish defendant for his alleged conduct would be based upon applicable law, and therefore not per se inflammatory. See Haarhuis v. Cheek, 255 N.C. App. 471, 480 (2017) ("[T]he purpose of punitive damages is to 'punish,' N.C. Gen. Stat. § 1D-1; therefore, a 'punishment' argument might have been inappropriate during the compensatory phase.").

11

Accordingly, defendant's motion is DENIED in that part where plaintiff seeks to introduce arguments pertaining to punitive damages, encouraging jurors to punish defendant for his alleged conduct, and GRANTED in remaining part.

**M.     Defendant's Topic No. 12 (Early Warning System Reports) (DE 170).**

Plaintiff seeks admission into evidence early warning system reports in the seven years prior to April 20, 2019, the date of Soheil's deadly encounter with defendant. Defendant moves for these reports to be excluded as irrelevant, prejudicial, character evidence, evidence of prior bad acts, and inadmissible hearsay.

Defendant's arguments lack reference to specific reports, and instead incorporate by reference arguments generally made with respect to prior excessive force complaints, firearm discharge reports, and personnel reports. The court will not on a wholesale matter exclude all early warning system reports, particularly where plaintiff seeks punitive damages, and one factor jurors may consider in determining the amount of such damages if awarded is "the existence and frequency of any similar past conduct by the defendant." (See N.C. Gen.Stat. § 1D–35).

That part of defendant's motion seeking wholesale exclusion of early warning system reports is accordingly DENIED.

**N.     Defendant's Topic No. 14 (Testimony by Geoffrey P. Alpert, Ph.D.) (DE 170)**

Defendant renews his objection to testimony by plaintiff's expert, Geoffrey P. Alpert, as raised in his prior motion to exclude at docket entry 92. That part of defendant's motion renewing his objection does not raise additional arguments or issues, and is DENIED, consistent with this court's December 1, 2022, order.

**O.     Defendant's Topic No. 17 (Defendant's Training Records) (DE 170)**

Defendant moves to exclude all his training records contending, without specific argument in support, that they are inadmissible under Fed. R. Evid. 402, 403, and 802 and are protected by N.C. Gen. Stat. § 160A-168.

Defendant's training records are relevant to the extent they establish standards of conduct, thereby aiding the jury in forming an opinion on the objective reasonableness of defendant's actions. See Fed. R. Evid. 402, 403. With respect to defendant's reference to Rule 802, on the court's review the records appear to fall under the public records hearsay exception set forth in Fed. R. Evid. 803(8). If defendant has specific objection to application of that exception, of course he may bring it to the court's attention. Finally, N.C. Gen. Stat. § 160A-168(c)(4) allows for examination of employee personnel files "[b]y order of a court of competent jurisdiction" such as this one.

Accordingly, defendant's motion in this part is DENIED. Plaintiff, however, is again cautioned that to the extent he uses defendant's training records to establish or imply that defendant was not acting in compliance with standard policy on the night in question, he may open the door to introduction by defendant of RPD determinations with respect to the conduct in issue. (See DE 168 at ¶ 13).

**P.     Defendant's Topic No. 21 (RPD's Body Worn Cameras and Mobile Video Recording Policy) (DE 170)**

Defendant moves to exclude RPD's body worn camera policy. Plaintiff represents in his response in opposition that this evidence will be used to establish that defendant did not activate his body worn camera during the events at issue in violation of RPD policy. As this court held at February 6, 2023, pretrial conference, this evidence is an intrinsic part of the facts, the significance of which is to be determined by the jurors. Defendant's motion in this part is DENIED.

13

**Q.     Defendant's Topic No. 22 (Body Worn Camera and Mobile Video Recording Audits of Defendant Edwards) (DE 170)**

Plaintiff intends to introduce evidence of body worn camera and mobile video recording audits of defendant, which evidence defendant seeks to exclude. Plaintiff provides in his response in opposition that this evidence would be used to counter defendant's testimony that he did not activate his body worn camera on the night in question because he forgot, had not had it very long, and his training on its use was deficient. The evidence thus goes directly to defendant' credibility, and may serve as evidence of his motive, plan, and intent with regard to the incident at issue.

Defendant aargues the videos contain inadmissible hearsay in the form of notes and statements from undesignated individuals. Where those statements are not offered for the truth of the matter asserted, however, and instead are offered as part of a video showing defendant's prior use of his body camera, Fed. R. Evid. 802 is inapplicable.

That part of defendant's motion seeking wholesale exclusion of these audits is accordingly DENIED. Should defendant feel that the evidence becomes duplicative or otherwise unfairly prejudicial, of course defendant may raise the issue at that time.

**R.     Defendant's Topic No. 23 (Protests, Demonstrations, Memorial Services or Advocacy Groups) (DE 170)**

Defendant contends evidence or testimony related to marches, protests, memorials, and other advocacy efforts that occurred after Soheil's death is irrelevant and prejudicial and should be excluded on that basis. Plaintiff in his response in opposition provides that he does not intend to enter evidence regarding any march, protest, or any other advocacy effort at trial. Defendant's motion is accordingly in that part TERMINATED AS MOOT.

Remaining for consideration is evidence or testimony regarding memorial services. Where plaintiff claims wrongful death, and the damages permitted under North Carolina Wrongful Death

Statute include the "[s]ervices, protection, care and assistance of the decedent, whether obligatory, to the persons entitled to the damages recovered" as well as "[s]ociety, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered," the court will not as a general matter exclude all reference to Soheil's memorial service. N.C. Gen. Stat. § 28A-18-2(b)(4). That part of defendant motion is DENIED.

**S.     Defendant's Topic No. 25 (Punitive Damages) (DE 170)**

Defendant moves for the first time to dismiss plaintiff's punitive damages claim. The deadline for dispositive motions has already passed, and allowance for filing of motions in limine in advance of trial does not provide renewed opportunity in the case to file such motion, absent showing that the issues could not earlier have been raised. Defendant has not made that showing, and his motion is accordingly in this part DENIED.

**T.     Defendant's Second Motion in Limine (DE 222)**

Defendant in his second motion in limine moves to exclude reference to instances of police brutality or misconduct unrelated to the events of April 20, 2019, and to exclude testimony by irrelevant witnesses.

Where parties report in amended proposed pretrial order that agreement has been reached as to both evidentiary issues identified, (See DE 224 at V. (T-U)), defendant's motion is TERMINATED AS MOOT.

**CONCLUSION**

Based on the foregoing, plaintiff's first and second motion in limine (DE 168, 217) and defendant's first motion in limine (DE 170) are GRANTED IN PART, DENIED IN PART, HELD IN ABEYANCE IN PART, and TERMINATED AS MOOT IN PART, as set forth herein. Defendant's second motion in limine (DE 222) is TERMINATED AS MOOT.

The parties are directed to file on or before **May 22, 2023**, a second amended joint notice of disputes regarding the use of deposition testimony at trial informed by the rulings herein, and by any subsequent agreements between the parties.

Also on or before **May 22, 2023**, the parties shall file jointly a list of evidentiary disputes that still require court determination or clarification, including those here held in abeyance if an agreement has not otherwise been made.

SO ORDERED, this the 25th day of April, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge