IN THE US DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:20-cv-396-FL

| | | |
|---|---|---|
| SIAVASH MOJARRAD, as administrator of THE ESTATE OF SOHEIL ANTONIO MOJARRAD,<br>Plaintiff,<br><br>v.<br><br>WILLIAM BRETT EDWARDS, in his individual capacity,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **SECOND AMENDED JOINT NOTICE OF DISPUTES REGARDING THE USE OF DEPOSITION TESTIMONY AT TRIAL** |

NOW COME the Parties, by and through their respective undersigned counsel and pursuant to Local Rule 16.1(b)(2) and the Court's Order [DE 231] and notify the Court of the following continuing disputes regarding the use of deposition testimony at trial. Certain disputes were resolved in the Court's ruling on the parties' motions in limine.

In the sections below, the parties have identified the testimony they wish to use at trial as well as any objections, counter-designations, and objections to counter-designations.

## PLAINTIFF'S PROPOSED DEPOSITION TESTIMONY

| Deponent | Agreed Pages | Objected Pages | Objected Counter-Designation Pages |
|---|---|---|---|
| **Troy Bryant** | 16:3-21:5,<br>22:4-51:20,<br>53:14-54:24,<br>59:13-60:5,<br>62:13-75:9, | | |

| | | | |
|---|---|---|---|
| | 84:17-85:10, 87:1-92:5 | | |
| **Defendant Edwards (3/31/21)** | 66:1-72:23, 81:23-214:15, 215:22-270:18, 271:20-273:12, 274:19-282:19, 284:25-287:24; 288:21-289:7, 290:21-292:20, 293:4-295:20; 295:21-296:16 | **Defendant objects to the testimony regarding Officer Edwards' use of medications or mental health issues that goes beyond the Court's Motions in Limine ruling (72:24-81:22) pursuant to Rules 401, 402, and 403. In light of the Court's ruling on motions in limine, holding this issue in abeyance, Defendant preserves his objection to such testimony or evidence.** | **Plaintiff objects to 270:19-271:2. The parties have agreed to a stipulation regarding DNA evidence.**<br><br>**Plaintiff objects to 296:16-297:25 as irrelevant under Fed. R. Civ. P. 401 and 402.**<br><br>**Plaintiff objects to 299:3-299:16 because the testimony elicited from Defendant Edwards in this section is solely through his own counsel asking him leading questions; it is also repetitive of testimony already included in pages offered.** |
| **Christopher King** | 6:13-7:3, 7:6-8:5, 18:22-27:18, 28:4-29:4, 29:20-22, 30:5-54:10, 54:17-60:16, 77:2-78:10, 80:4-80:20, 81:11-84:2, 89:9-90:14, 93:25-101:11, 101:17-116:12, 122:21-123:11, 124:5-125:2, | **Defendant objects that King's opinion as to whether this was a murder or excessive force (122:4-20) is opinion testimony by a non-expert, and should be excluded under Rules 401, 402, 403, and 701.** | **Plaintiff objects to 7:4-7:5 because it provides Mr. King's personal address.**<br><br>**Plaintiff objects to 8:6-10:16 and 61:19-62:15 on the grounds listed in his Motion *in Limine* No. 15 (Dkt. No. 168 at ¶ 15) regarding the criminal history of Mr. King. His argument is set forth in his** |

| | | | |
|---|---|---|---|
| | 125:3-21 | | **Memorandum in Support (Dkt. No. 169 at 38-39) (held in abeyance by the Court's Ruling on Motions in Limine in DE 231). Plaintiff also objects to 8:6-10:16 because it includes testimony by Mr. King that he was a defendant in a drug case that was sealed and has been instructed by his lawyer that he cannot talk about it.**<br><br>**Plaintiff objects to 27:19-28:3 and 29:5-29:19, which discusses what Mr. King heard from Soheil's classmate about Soheil having a brain injury, for the reasons set forth in Plaintiff's Motion *in Limine* No. 8 (Dkt. No. 168 at ¶ 8) regarding hearsay (not addressed by the Court's Ruling on Motions in Limine) and No. 1 regarding Soheil's mental and physical health diagnoses and treatment (Dkt. No. 168 at ¶ 1) (granted in part, denied in part, and held in abeyance in part by the Court's Ruling on Motion's in** |

| | | | **Limine). Plaintiff's arguments regarding these Motions are included in his Memorandum in Support (Dkt. No. 169 at 2-8, 25-27).** |
|---|---|---|---|

## DEFENDANT EDWARDS' PROPOSED DEPOSITION TESTIMONY

Below are the transcript pages Defendant Edwards proposes to use at trial, Plaintiff's objections, and Defendant's objections to counter-designated pages.

| Deponent | Agreed Pages | Objected Pages | Objected Counter-Designation Pages |
|---|---|---|---|
| **David Michael Thompson (4/14/21)** | pp. 7:22-8:1, 14:15-20:16, 32:17-38:2, 46:18-51:21, 52:3-69:14, 82:1-84:17 | **Plaintiff objects to 32:17-38:2, as the training received by Mr. Thompson is irrelevant to Defendant Edwards' use of deadly force on Soheil pursuant to Fed. R. Evid. 401 and 402.**<br><br>**Plaintiff objects to 84:14-18 on the grounds set forth in Plaintiff's Motion *in Limine* No. 14 (Dkt. No. 168 at ¶ 14) regarding character evidence related to Defendant Edwards (held in abeyance by the Court's Ruling on Motions in Limine). His argument in support of excluding this** | |

| | | | |
|---|---|---|---|
| | | **testimony is in his Memorandum in Support (Dkt. No. 169 at 37-38).** | |
| **Chadwick Caudle** | pp. 9:3-12:15, 15:23-23:18, 23:21-25:7, 25:10-29:23, 30:2-39:13 , 51:20-52:18, 54:14-55:11, 55:16-55:21, 58:9-59:12, 60:14-63:9 | **Plaintiff objects to 21:21-25, , 25:7, 25:10-19, 29:21-29:23, 30:2-8, 55:12- 55:15, and 61:7-20, 61:25-62:3, 62:25-63:4 on the grounds set forth in Plaintiff's Motion *in Limine* No. 9 (Dkt. No. 168 at ¶ 9) regarding Inaccurate assumption testimony. His argument related to this testimony is found in his Memorandum in Support (Dkt. No. 169 at 27-29).**<br><br>**Plaintiff objects to the use of the testimony on 40:5-51:1 and 58:9-59:12, unless the document referenced is in the possession of the jury after first being entered as exhibits, so that the jury can see it in context.**<br><br>**Plaintiff also objects to 50:25-51:1 and 63:9 on the grounds set forth in Plaintiff's Motion *in Limine* No. 11 (Dkt. No. 168 at ¶ 11) regarding questions without answers and answers without questions (not addressed by the Court's Ruling on** | |

| | | | |
|---|---|---|---|
| | | **Motions in Limine) Plaintiff's argument is set forth in his Memorandum in Support (Dkt. No. 169 at 31-32).**<br><br>**Plaintiff objects to 60:14-63:9 on the grounds set forth in Plaintiff's Motion *in Limine* No. 10 (Dkt. No. 168 at ¶10) regarding leading questions during direct examination (held in abeyance by the Court's Ruling on Motions in Limine). Plaintiff's argument is set forth in his Memorandum in Support (Dkt. No. 169 at 29-31).** | |
| **Cassandra Deck-Brown (10/27/21)** | pp.14:21-15:13, 17:24-19:4, 24:4-20 | **Plaintiff objects to 24:4-20 on the grounds that it is irrelevant pursuant to Fed. R. Evid. 401 and 402 and substantially more prejudicial than probative pursuant to Fed. R. Evid. 403. Defendant's training by and psychological fitness according to the City of Raleigh has nothing to do with any fact at issue. City of Raleigh has been dismissed from this action.** | |

| | | | |
|---|---|---|---|
| **Sherry Hunter** | pp. 7:25-8:1, 14:11-22, 18:17-20:6, 33:9-35:3, 36:16-37:2 | **Plaintiff objects to 18:17-20:6 as irrelevant pursuant to Fed. R. Evid. 401 and 402 and substantially more prejudicial than probative pursuant to Fed. R. Evid. 403. What training the City of Raleigh has for police officers is no longer relevant now that it has been dismissed. Only Defendant's training could possibly be at issue, which is not referenced here.** | |
| **Todd Jordan (10/28/21-10/29/21)** | Vol. I: pp. 7:19-20, 20:18-22, 31:5-12, 77:25-81:21, 88:3-23 Vol II: pp. 32:14-33:23, 34:2-35:1, 36:23-37:5, 38:11-24 | **Plaintiff objects to Vol. I 31:5-21 and Vol. II 32:16-33:25 on the grounds that these findings and recommendations are irrelevant pursuant to Fed. R. Evid 401 and 402 and substantially more prejudicial than probative pursuant to Fed. R. 403. Plaintiff also objects to Vol. I 78:4-81:21 unless 77:25-78:4 is read in, as well. Otherwise, there is an answer with no question and the initial testimony in this sequence is not correctly understood.** | |

| | | | |
|---|---|---|---|
| **Kelly Ann Kinney** | pp. 7:15-16, 11:22-13:3, 15:15-25, 16:6-17:8, 19:7-21:2, 22:15-23:22 | **Plaintiff objects to the testimony at 16:6-17:8, 19:7-21:22, 22:15-23:22 about this witness' after-the-fact criminal investigation into Soheil Antonio Mojarrad's actions on the night in question and the probable cause Defendant had to arrest him as irrelevant pursuant to Fed. R. Evid. 401 and 402 and substantially more prejudicial than probative. Only what Defendant knew at the time he pursued and shot Soheil Antonio Mojarrad is at issue.** | |
| **Peter Rowland** | pp. 7:20-21, 22:4-24:1, 27:9-19, 25:1-36:7, 36:11-38:14, 39:18-41:3, 42:6-16, 45:2-46:9, 48:7-49:14, 51:11-53:24 55:9-13, 56:2-18, 58:10-60:17, 62:10-63:6, 64:9-65:9, 66:5-68:8, 69:9-69:10, 80:12-86:12, 89:9-90:9, 92:14-22, 93:3-95:8, 95:9-96:16, 97:17-99:10, 100:19-101:6, 103:14- | **Plaintiff objects to 36:11-38:14, which is a discussion of the use of force – not use of deadly force – policy of the Raleigh Police Department. It is therefore irrelevant under Fed. R. Evid. 401 and 402, and the probative value is substantially outweighed by the danger of confusing the issues under Fed. R. Evid. 403. 39:18-41:3 starts in the middle of a discussion and ends with an answer in a question. As such, Plaintiff objects** | **If 48:7-25 is included, then Plaintiff requests that the clarifications provided at 48:25-49:14 also be included under Fed. R. Evid. 106.**<br><br>**Under Fed. R. Evid. 106, Plaintiff also requests that 55:14-16, 61:20-62:10, 63:15-64:8 and 68:9-69:9, 149:25-150:9 also be read.** |

| | | | |
|---|---|---|---|
| | 104:3, 104:12-105:4, 105:14-107:22, 108:4-114:21, 126:21-130:13, 131: 24-147:25, 150:19-151:4, 158:9-23 | **under Fed. R. Evid. 106 and for the reasons set forth in Plaintiff's Motion *in Limine* No. 11 (Dkt. No. 168 at ¶ 11) regarding questions without answers and answers without questions (not addressed by the Court's Ruling on Motions in Limine). Plaintiff's argument is set forth in his Memorandum in Support (Dkt. No. 169 at 31-32).**<br><br>**Plaintiff objects to 44:1-9, 48:7-25, 51:11-53:24, 103:14-104:3 and 104:12-105:4 as they discuss how officers in general and not how Defendant Edwards was specifically trained. As such, these pages are irrelevant pursuant to Fed. R. Evid. 401 and 402 and substantially more prejudicial than probative pursuant to Fed. R. Evid. 403.**<br><br>**This witness has not been designated as an expert witness pursuant to Fed. R. Civ. P. 26(a). As such, Plaintiff objects to 113:8-114:21, 126:21-130:16, 132:24-147:25 and 158:9-23 on** | |

| | | **the grounds set forth in Plaintiff's Motion in Limine No. 7 (Dkt. No. 168 at 7) regarding expert opinions by those not identified (not addressed by the Court's Ruling on Motions in Limine). Plaintiff's argument is set forth in his Memorandum in Support (Dkt. No. 169 at 21-25). Moreover, this testimony that Defendant Edwards and the scenario at issue in this litigation is used in training is irrelevant pursuant to Fed. R. 401 and 402 and substantially more prejudicial than probative pursuant to Fed. R. Evid. 403. Plaintiff objects to 132:24-147:25 on the grounds set forth in Plaintiff's Motion *in Limine* No. 10 (Dkt. No. 168 at ¶10) regarding leading questions during direct examination (held in abeyance by the Court's Ruling on Motions in Limine). Plaintiff's argument is set forth in his Memorandum in Support (Dkt. No. 169 at 29-31).** | |
|---|---|---|---|

| **Harvey Slade** | pp. 7:11-12, 13:19-21, 15:2-16:17, 25:5-19, 29:8-13, 53:20-61:6 | **Plaintiff objects to 53:23-61:6 as it seeks answers regarding training of City of Raleigh police officers in general and not Defendant specifically, and the claims against the City of Raleigh have been dismissed. As such, this testimony is irrelevant pursuant to Fed. R. Evid. 401 and 402 and substantially more prejudicial than probative pursuant to Fed. R. Evid. 403.** | |
|---|---|---|---|
| [1]Paul Wondracek | pp. 6:21-7:1, 10:14-12:9, 13:17-14:4, 16:20-19:4, 20:6-21:12, 22:1-23:23, 25:25-26:25, 29:1-30:17, 30:24-31:20, 32:23-42:5, 42:6-43:24, 45:1-46:15, 47:11-48:7, 50:1-51:8, 51:14-52:25, 54:12-56:23, 57:4-25, 65:7-66:10, 67:15-71:22, 73:8-24, 76:14- | **Plaintiff objects to this witness and all identified testimony for the reasons set forth in Plaintiff's Motion to Exclude Testimony of Treating Healthcare Providers Not Disclosed (Dkt. No. 86) and his Memorandum in Support (Dkt. No. 87), which are renewed and incorporated herein by reference as if fully set forth. Plaintiff further objects to this testimony on the grounds that its introduction** | |

[1] Defendant acknowledges the Court's ruling on Plaintiff's Motion in Limine excluding the testimony of Soheil's treating healthcare providers. Defendant preserves its designations and argument that he is entitled to present the testimony of these individuals as substantive evidence and intends to make an offer of proof of the same.

| | | | |
|---|---|---|---|
| | 77:20,77:25-78:16, 78:23-79:25, 81:4-25, 82:8-83:14, 89:10-90:17 | **contradicts the clear ruling of the Court in its Order on Motions in Limine (Dkt. No. 231 at 4).** | |
| [2]Lance Fuller | pp. 6:9-11, 7:3-8,8:4-15, 9:1-11:12,13:2-16:25, 18:24-19:23, 21:3-11, 22:6-21, 25:7-12,27:16-40:1, 41:12-22, 43:4-7,44:8-45:4, 45:25-46:12, 46:21-48:7, 50:7-52:23, 53:1-57:15, 58:5-59:8, 59:12-60:8, 60:12-64:13, 64:16-66:13, 67:2-69:15,69;24-70:11, 70:16-71:25, 72:1-13, 73:22-74:3, 76:6-77:22, 78:3-82:4, 85:10-97:20, 99:4-7, 101:6-11, 102:3-103:17 | **Plaintiff objects to this witness and all identified testimony for the reasons set forth in Plaintiff's Motion to Exclude Testimony of Treating Healthcare Providers Not Disclosed (Dkt. No. 86) and his Memorandum in Support (Dkt. No. 87), which are renewed and incorporated herein by reference as if fully set forth. Plaintiff further objects to this testimony on the grounds that its introduction contradicts the clear ruling of the Court in its Order on Motions in Limine (Dkt. No. 231 at 4).** | |
| Judith Mojarrad (10/25/21) | 9:1-3, 18:4-6, 19:20-20:16, 22:10-26:8, 28:17-32:12, 33:2-24, 35:6- | **Plaintiff objects to the discussion of the Justice for Soheil Facebook page discussed at 22:10- 26:8 as this** | |

[2] Defendant acknowledges the Court's ruling on Plaintiff's Motion in Limine excluding the testimony of Soheil's treating healthcare providers. Defendant preserves its designations and argument that he is entitled to present the testimony of these individuals as substantive evidence and intends to make an offer of proof of the same.

| | | | |
|---|---|---|---|
| | 37:2, 41:10-42:12, 44:15-47:19, 48:14-49:19, 50:19-51:2, 53:11-60:17, 64:12-72:5, 72:18-73:13, 74:25-77:19, 81:11-83:16, 84:1-86:4, 88:2-11, 92:12-25, 93:16-23, 95:7-100:21, 102:1-104:25, 106:6-19, 107:3-108:19, 109:23-110:3, 111:7-11, 114:13-116:16, 116:25-117:23, 125:21-127:10, 128:2-129:9, 135:9-138:5, 138:14-19, 128:24-141:18, 142:1-143:23, 146:3- 147:4, 150:19-153:1, 153:13-19, 154:2-161:9, 163:3-171:15, 175:21-178:5, 180:18-181:6 | **witness –within these pages –testifies that she did not start the group and that she does not know what the group does. Also, the Court will instruct the jury not to seek information from the media or online during trial. The information in these pages is irrelevant pursuant to Fed. R. Evid. 401 and 402 and substantially more prejudicial than probative pursuant to Fed. R. Evid. 403.**<br><br>**Plaintiff also objects to 33:2-18, 32:6-12, 50:19-51:2, 64:12-72:5, 72:18-73:9, 74:25-77:19, 84:1-84:19, 86:2-3, 88:2-11, 92:20-25, 93:21-23, 95:7-100:21, 102:1-104:25, 106:6-19, 107:3-108:19, 109:23-110:3, 114:13-116:16, 125:21-127:10, 128:2-129:9, 135:9-138:5, 138:14-19, 128 [sic]:24-141:18, 142:1-143:23, 146:3-147:4, 150:19-153:1, 153:13-19, 154:2-161:9, 163:3-171:15, 175:21-176:3, 176:16-25, 177:4-16, 177:20-178:5 and 188:4-6 on the grounds set forth in Plaintiff's Motion i*n Limine* No. 1 (Dkt. No. 168 at ¶ 1)** | |

| | | | |
|---|---|---|---|
| | | **regarding Soheil's mental and physical health diagnoses and treatment (granted in part, denied in part, and held in abeyance in part by the Court's Ruling on Motion's in Limine), No. 3 (Dkt. No. 16 at ¶ 3) regarding Soheil's past dealings with law enforcement (not addressed by the Court's Ruling on Motions in Limine in DE 231)<br>and 4 (Dkt. No. 168 at ¶ 4) regarding Soheil's prior bad acts (not addressed by the Court's Ruling on Motions in Limine in DE 231).<br>Plaintiff's arguments are included in his Memorandum in Support (Dkt. No. 169 at 1-14).<br><br>Plaintiff further objects to 53:11-60:17, 81:11-83:16, 176:4-15, 177:1-3 and 177:17-19 on the grounds that it seeks what this witness knows about her son's death and the circumstances leading up to it, when she was not present. This information is irrelevant pursuant to** | |

| | | | |
|---|---|---|---|
| | | **Fed. R. Evid. 401 and 402 and substantially more prejudicial than probative pursuant to Fed. R. Evid. 403.** | |
| Mehrdad Mojarrad (10/25/21) | 7:9-10 25:2-38:25, 40:10-43:19, 51:8-52:16, 55:23-57:12 | **Plaintiff objects to 25:2-38:25, 40:10-43:19, 51:17-52:16, 55:23-57:12 on the grounds set forth in Plaintiff's Motion in *Limine* No. 1 (Dkt. No. 168 at ¶ 1) regarding Soheil's mental and physical health diagnoses and treatment (granted in part, denied in part, and held in abeyance in part by the Court's Ruling on Motion's in Limine) and No. 4 (Dkt. No. 168 at ¶ 4) regarding Soheil's prior bad acts (not addressed by the Court's Ruling on Motions in Limine in DE 231). Plaintiff's arguments are included in his Memorandum in Support (Dkt. No. 169 at 1-8, 11-14).** | |
| Siavash Mojarrad | 5:12-14, 20:22-23:9, 28:6-9, 29:4-10, 30:16-31:4, 32:13-33:22, 63:21-23, 64:22-65:1, 67:24-69:21, 74:2-75:9, 78:6- | **Plaintiff objects to 20:22-23:9, 105:2-106:2, 168:13-170:20, 179:15-180:10, 205:14-208:6 and 230:24-231:2 on the grounds set forth in Plaintiff's Motion *in Limine* No. 1 (Dkt. No.** | |

| | | | |
|---|---|---|---|
| | 11, 79:21-80:10, 84:18-22, 86:15-88:15, 89:18-90:9, 105:2-106:2, 168:13-170:20, 179:15-180:10, 205:14-208:6, 230:24- 231:2, 272:16-274:4 | **168 at ¶ 1) regarding Soheil's mental and physical health diagnoses and treatment (granted in part, denied in part, and held in abeyance in part by the Court's Ruling on Motion's in Limine) and No. 4 (Dkt. No. 168 at ¶ 4) regarding Soheil's prior bad acts (not addressed by the Court's Ruling on Motions in Limine in DE 231). Plaintiff's arguments are included in his Memorandum in Support (Dkt. No. 169 at 1-8, 11-14).**<br><br>**Plaintiff objects to 29:4-10, 30:16-31:4, 32:13-33:22, 64:22-65:1, 67:24-69:21, 74:2-75:9, 78:6-11, 79:21-80:10, 84:18-22, 86:15-88:15, 89:18-90:9 and 272:16- 274:4 on the grounds that the witness was not present at the events at issue, hired lawyers to investigate and relied on those lawyers to learn the information that forms the basis of his complaint and, as such, his testimony about what evidence** | |

| | | | |
|---|---|---|---|
| | | **supports each allegation is irrelevant pursuant to Fed. R. Evid. 401 and 402 and substantially more prejudicial than probative pursuant to Fed. R. Evid. 403. Moreover, asking him for the basis is tantamount to asking him for attorney-client privileged information, which is impermissible.** | |

Respectfully submitted, this the 22nd day of May, 2023.

/s/ Dan M. Hartzog, Jr.
Dan M. Hartzog, Jr.
North Carolina Bar No. 35330
Rachel G. Posey
North Carolina Bar No. 56571
**HARTZOG LAW GROUP LLP**
2626 Glenwood Avenue, Suite 305
Raleigh, North Carolina 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635
dhartzogjr@hartzoglawgroup.com
rposey@hartzoglawgroup.com

*Attorneys for Defendant*

/s/ Catharine E. Edwards
Catharine E. Edwards
North Carolina Bar No. 52705
Kristen L. Beightol
North Carolina Bar No. 27709
**EDWARDS BEIGHTOL, LLC**
P.O. Box 6759
Raleigh, North Carolina 27628

Telephone:     (919) 636-5100
Facsimile:     (919) 495-6868
cee@eblaw.com
klb@eblaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to all registered CM/ECF participants.

**HARTZOG LAW GROUP LLP**

/s/ *Dan M Hartzog, Jr.*
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
RACHEL G. POSEY
N.C. State Bar No. 56571
E-mail: rposey@hartzoglawgroup.com
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635