IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:20-cv-396-FL

| | |
|---|---|
| SIAVASH L. MOJARADD, as Administrator of the Estate of Soheil Antonio Mojarrad,<br><br>          Plaintiff,<br><br>v.<br><br>WILLIAM BRETT EDWARDS, in his individual capacity,<br>          Defendant. | **BRIEF IN SUPPORT OF MOTION TO CORRECT AMENDED PROPOSED JOINT PRETRIAL ORDER** |

Defendant William Brett Edwards ("Defendant" or "Officer Edwards") moves pursuant to Local Civil Rule 16.1, and the Court's inherent powers to regulate its proceedings, to correct the proposed Amended Pretrial Order [DE 224] to restore the following twenty-five exhibits Defendant may offer at trial to the list of numbered exhibits, after the listed exhibits were removed from the original Pretrial Order [DE 147], for the reasons set forth in the accompanying Memorandum in Support.

## STATEMENT OF THE CASE

This action arises from the on-duty shooting of Plaintiff's decedent, Soheil Mojarrad ("Mojarrad"), by Officer Edwards, an officer of the City of Raleigh Police Department, in a parking lot after Mojarrad advanced on him with a knife on April 20, 2019. Doc. 17 at 1-2. Just preceding the confrontation, Officer Edwards was trying to detain Mojarrad in response to a call for assistance with trespass and theft of a cell phone at the nearby Sheetz gas station. *Id.* at 6-10. Plaintiff commenced this action

by filing a Complaint in Wake County Superior Court on June 9, 2020, which set forth claims against Officer Edwards for negligence and gross negligence, assault and battery, wrongful death, and claims under 42 U.S.C. § 1983 for violation of Mojarrad's Fourth Amendment rights, including use of excessive force. Doc. 1-1. Defendants jointly and timely removed this action to the United States District Court for the Eastern District of North Carolina by filing a Notice of Removal [Doc. 1] and filed Answers to Plaintiff's Complaint on August 28, 2020. Docs. 17, 20. After the parties engaged in discovery, Defendants moved for summary judgment, and Defendant Edwards' motion for summary judgment was denied. *See* DE 142. The Court originally scheduled this matter for trial on February 27, 2023. DE 145.

Defendant served Final Pretrial Disclosures on January 9, 2023 [DE 158], naming, *inter alia*, exhibits Defendant expected to offer at trial. *See* Def.'s Final Pretrial Disclosures, DE 158 at 7-25. Among those exhibits were medical records of Soheil Mojarrad. *See id.* Exs. Nos. 48-131. The exhibits designated in the parties' Pretrial Disclosures, including the medical records exhibits designated by Defendant, were integrated into a 170-page Proposed Pretrial Order. *See* Proposed Pretrial Order, DE 174 at 83-117. The parties filed various motions *in limine* for resolution between January 23, 2023, and February 21, 2023 for determination before trial. On February 6, 2023, and conducted a Pretrial Conference on February 6, 2023, where some evidentiary motions were ruled on by the Court and the parties were encouraged to confer on submitting a new pretrial order. *See* DE 231 at 1.

At the final pretrial conference conducted on February 6, 2023, the Court suggested that the parties file an amended pretrial order to reflect any evidentiary disputes that had been resolved among the parties. *See* DE 126 at 129, 132. A proposed Amended Joint Pretrial Order was filed on March 3, 2023. *See* DE 224. In preparing for trial, Defendant discovered that exhibits were omitted from the proposed Amended Joint Pretrial Order due to changes made by counsel for Plaintiff that were missed by counsel for Defendant in reviewing the draft joint submission. The parties' proposed Amended Joint Pretrial Order filed at DE 224 has not been entered by the Court as the Final Pretrial Order, just as the proposed Joint Pretrial Order filed at DE 147 was also never signed and entered as a Final Pretrial Order. *See* Local Civil Rule 16.1(f) ("Approved by: _____"). This is Defendant's Motion to Correct the Amended Joint Pretrial Order.

**FACTUAL BACKGROUND**

At the final pretrial conference conducted on February 6, 2023, the Court suggested that the parties file an amended pretrial order to reflect any evidentiary disputes that had been resolved among the parties but also stated that "I'm not going to order you to do it." *See* T. 129:3-6, 132:22-25, DE 126 at 129, 132.

Among the rulings made by the Court during the conference were:

> But I don't see any need for medical records or mental health records of this type to come in unless your witness on the stand says: I never committed him; I never felt concerned enough about my safety to tell him that he had to seek treatment, or, you know. And then maybe some medical or mental health records of a particular date and time redacted in some way might be allowed to be introduced to impeach. But we're certainly not there yet. T.

> 79:13-21, DE 216 at 79.
>
> …And I probably won't go so far as to just -- I would just say reserve ruling with respect to any attempt to introduce a medical or mental health record for an impeachment purpose. I'm not saying it's going to be okay. I'm saying that that's the only door that's open, unless defendant can show me something very compelling, that that is the only door open to the defendant right now would be impeachment. T. 80:19-81:1, DE 216 at 80-81.

On February 8, 2023, counsel for Plaintiff sent counsel for Defendant a draft Amended Pretrial Order, prepared by counsel for Plaintiff. In the email, counsel for Plaintiff indicated in their email that they "removed witnesses/exhibits based on the Court's rulings[.]" Dec. of Dan Hartzog Jr., June 7, 2023, ¶ 8. Counsel for Plaintiff did not tell counsel for Defendant that she removed exhibits and witnesses from <u>Defendant's</u> exhibit and witness lists. *Id.* Counsel for Defendant never consented to counsel for Plaintiff removing exhibits or witnesses from Defendant's lists of exhibits or witnesses. Hartzog Dec. ¶ 19.

Counsel for plaintiff did not use redlining or tracked changes that would make it readily identifiable what changes had been made between the Proposed Joint Pretrial Order filed by the parties on January 30, 2023, and the draft Proposed Amended Joint Pretrial Order sent by counsel for Plaintiff on February 8, 2023. Hartzog Dec. ¶ 9. Plaintiff left some medical records remaining on Defendant's exhibit list, making it appear initially that the medical records exhibits Defendant had listed were still contained in the Amended Pretrial Order. *Id.* ¶ 13.

Upon review, Counsel for Defendant discovered that medical providers had been removed from Defendant's witness list, some of Defendant's deposition

designations had been removed from the list of testimony Defendant expected to present by deposition, and Defendant's objections to some of Plaintiff's deposition designations were removed. Hartzog Dec. ¶ 13. Because only a subset of the medical records which Defendant had listed were removed, it initially appeared that the medical records Defendant had listed were still contained in the draft Amended Joint Pretrial Order. *Id.* ¶ 14. Upon further review, Defendant noticed that some, but not all, of Defendant's medical records exhibits had been removed from Defendant's list. *Id.*

Counsel for Defendant attempted to restore all of the witnesses, designations, objections, and exhibits removed by Plaintiff from the proposed amended "joint" pretrial order. Despite diligent efforts to restore their prior designations, counsel for Defendant missed the below medical records exhibits removed by counsel for Plaintiff. If counsel for Defendant had realized that counsel for Plaintiff removed those exhibits, Defendant would have added those back in as well. Hartzog Dec. ¶ 15.

The following exhibits should have been included in the Second Amended Proposed Joint Pretrial Order:

| Exhibit No. | Description | Bates No./Record Location |
|---|---|---|
| 116. | Medical Records of Soheil Mojarrad from B&D Integrated Health Services on 8/15/2018, 8/30/2018, 9/7/2018, 9/11/2018, 9/17/2018 | See records produced by Defendants electronically on Mar. 11, 2022 after receipt from B&D Integrated Health Services. |
| 117. | Medical Records of Soheil Mojarrad from WakeMed Raleigh on 9/24/2018-9/27/2018 | See records produced by Defendants electronically upon |

| | | receipt from WakeMed. |
|---|---|---|
| 118. | Medical Records of Soheil Mojarrad from Central Regional Hospital on 9/27/2018-10/5/2018 | See records produced electronically by Defendants on Mar. 11, 2022 after receipt from Central Regional Hospital. |
| 119. | Medical Records of Soheil Mojarrad from B&D Integrated Health Services on 9/27/2018, 10/5/2018, 10/9/2018, 10/17/2018, 10/25/2018, 11/8/2018-11/27/2018 | See records produced by Defendants electronically on Mar. 11, 2022 after receipt from B&D Integrated Health Services. |
| 120. | Medical Records of Soheil Mojarrad from WakeMed Raleigh on 1/10/2019-1/16/2019 | See records produced electronically by Defendants after receipt from WakeMed in April 2022. |
| 121. | Medical Records of Soheil Mojarrad from WakeMed Raleigh on 1/25/2019 | See records produced electronically by Defendants upon receipt from WakeMed in April 2022. |
| 122. | Medical Records of Soheil Mojarrad from Triangle Springs Hospital on 1/26/2019-1/30/2019 | See records produced electronically by Defendants upon receipt from Triangle Springs Hospital in April 2022. |
| 123. | Affidavit authenticating records from Triangle Springs Hospital signed by Jennifer Doherty on April 5, 2022. | See records produced electronically by Defendants upon receipt from Triangle Springs Hospital in April 2022. |
| 124. | Medical Records of Soheil Mojarrad from INOVA Fairfax Hospital on 2/20/2019-2/21/2019 | Bates Nos. 11783-84, 11788, 11798, 11813; see also records produced by Defendants electronically after receipt from Northern |

| | | Virginia Mental Institute. |
|---|---|---|
| 125. | Medical Records of Soheil Mojarrad from Northern Virginia Mental Health Institute on 2/20/2019-2/25/2019 | See records produced electronically by Defendants on Mar. 30, 2022 upon receipt from Northern Virginia Mental Institute. |
| 126. | Affidavit authenticating records from Northern Virginia Mental Health Institute signed by April Seitz on March 29, 2022 | See records produced electronically by Defendants on Mar. 30, 2022 upon receipt from Northern Virginia Mental Institute. |
| 127. | Medical Records of Soheil Mojarrad from WakeMed Raleigh on 3/5/2019 | See records produced electronically by Defendants upon receipt from WakeMed in April 2022. |
| 128. | Medical Records of Soheil Mojarrad from WakeMed Raleigh on 3/17/2019-3/18/2019 | Bates Nos. 01220-28, 1252-55, 1257-59, 1261-67, 1282-85 |
| 129. | Medical Records of Soheil Mojarrad from Raleigh Neurology Associates on 4/1/2019 | See records produced electronically by Defendants upon receipt from Raleigh Neurology Associates in April 2022. |
| 130. | Medical Records of Soheil Mojarrad from B&D Integrated Health Services on 3/22/2019, 4/3/2019, 4/9/2019, 4/11/2019, 4/17/2019 | See records produced by Defendants electronically on Mar. 11, 2022 after receipt from B&D Integrated Health Services. |
| 131. | Prescription Records of Soheil Mojarrad from Walgreens on 2/15/2011-4/17/2019 | Bates Nos. 08143-08164 |

Defendant sent Exhibit 1 to Plaintiff's counsel for review and requested Plaintiff's consent to file it as a Second Amended Joint Pretrial Order, pursuant to

Local Civil Rule 16.1(d)(3), but Plaintiff did not consent. *See* LCR 16.1(d)(3) ("All parties shall be responsible for presenting the final proposed pretrial order, properly signed by all parties, at a time designated by the Court.") In the same communication, Plaintiff indicated that Plaintiff would not consent to any motion for relief that Defendant might file.

## ARGUMENT

The Court should allow the Parties' proposed Joint Pretrial Order to be amended to include exhibits that were removed and inadvertently not restored to Defendant's list of exhibits in the amended pretrial order. Although a final pretrial order may only be modified "only to prevent manifest injustice," *see* Fed. R. Civ. P. 16(e), the Court has not issued a final pretrial order in this matter. As such, the contents of the final pretrial order are within the Court's discretion to regulate its proceedings. "A district court is, of course, vested with broad authority to control the manner of trial and the presentation of evidence." *United States v. Siegel*, 536 F.3d 306, 320 (4th Cir. 2008) (quoting *United States v. Janati*, 374 F.3d 263, 273 (4th Cir. 2004) ("The scope of the district court's discretion to manage trials before it is and must be particularly broad.") and Fed. R. Evid. 611).

This Court invited the parties to submit an amended pretrial order to help the Court understand what issues had been resolved for trial. Ostensibly, counsel for Plaintiff would have removed those documents because this Court informed counsel during the pretrial conference that medical records evidence will likely not be admitted as damages evidence, but the Court conditioned its rulings on what

witnesses say on the stand at trial and whether "defendant can show me something very compelling." *See* DE 162 at 79-81. Counsel for Plaintiff had no grounds to remove these exhibits from Defendant's "may offer" list, considering that the Court did not definitively rule that medical records were excluded from substantive evidence at trial. *See id.* Rather, the Court reserved its ruling pending Defendant showing "something very compelling," which Defendant intends to show at trial through cross-examination and its offer of proof.

Defendant has maintained its position that Soheil Mojarrad's severe mental illness was relevant to the value to his parents of his "[s]ociety, companionship, comfort, guidance, kindly offices and advice…." *See* N.C. Gen. Stat. § 28A-18-2(b)(4)(c); *see also* Def.'s Trial Br., DE 179 at 6-8. Cases interpreting the wrongful death statute recognize that this element of damages is difficult to value, and that relevant evidence includes "personality and other traits relevant to what kind of companion" the decedent was. *See Haarhuis v. Cheek*, 255 N.C. App. 471, 480, 805 S.E.2d 720, 727 (2017); *Di Donato v. Wortman*, 320 N.C. 423, 432, 358 S.E.2d 489, 494 (1987). In recognition of the difficulty in proving this element, North Carolina's wrongful death statute also provides that "[a]ll evidence which reasonably tends to establish any of the elements of damages in subsection (b) [of the statute], or otherwise reasonably tends to establish the present monetary value of the decedent to the persons entitled to receive the damages recovered, is admissible[.]" *See id.* (quoting N.C. Gen. Stat. § 28A-18-2(c)). As such, Defendant will renew its proffer of medical and psychiatric records evidence and provider testimony at trial, obtain a

9
Case 5:20-cv-00396-FL   Document 237   Filed 06/07/23   Page 9 of 12

definitive ruling sufficient to preserve a claim of error, and make an offer of proof as required by Fed. R. Evid. 103. Adding the omitted exhibits to the list of exhibits Defendant may offer at trial will only facilitate an efficient offer of proof.

The inclusion of these listed exhibits in the Amended Pretrial Order would not result in any delay or change in the procession of the trial currently set for June 12, 2023. The inclusion of these documents would have no effect on witness order or testimony. It would be unjust to allow counsel for Plaintiff to change Defendant's proffered witnesses and exhibits on a joint submission by removing evidence Plaintiff objects to, without telling counsel from Defendant what was changed, for Plaintiff's benefit. The Fourth Circuit has expressed a strong preference for the resolution of cases on their merits, not on gamesmanship. *See, e.g., Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

That counsel for Defendant inadvertently did not realize the full extent of counsel for Plaintiff's changes to the 170-page proposed joint pretrial order does not justify Plaintiff's position that the Final Pretrial Order entered by the Court should not include all of the exhibits Defendant disclosed and included in the original Pretrial Order, or that these exhibits should be excluded from trial solely because of this oversight. As such, the interests of justice support that the final pretrial order to be entered by the Court include these exhibits.

10
Case 5:20-cv-00396-FL   Document 237   Filed 06/07/23   Page 10 of 12

WHEREFORE, Defendant requests that the Court allow the exhibits identified above to be included in the list of numbered exhibits that Defendant "may offer" in the Final Pretrial Order entered by the Court.

This the 7th day of June, 2023.

**HARTZOG LAW GROUP**

/s/ DAN M HARTZOG, JR.
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
KATHERINE BARBER-JONES
N.C. State Bar No. 44197
E-mail: kbarber-jones@hartzoglawgroup.com
RACHEL G. POSEY
N.C. State Bar No. 56571
E-mail: rposey@hartzoglawgroup.com
*Attorney for Defendant*
2626 Glenwood Avenue, Suite 305
Raleigh, North Carolina 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will effect service on all registered users.

This the 7th day of June 2023.

/s/ DAN M HARTZOG, JR.
DAN M HARTZOG, JR.
N.C. State Bar No. 35330
E-mail: dhartzogjr@hartzoglawgroup.com
*Attorney for Defendant*
2626 Glenwood Avenue, Suite 305
Raleigh, North Carolina 27608
Telephone: (919) 670-0338
Facsimile: (919) 714-4635